## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

INDYMAC BANK, F.S.B.               :

        PLAINTIFF               :

v.                   :     CIVIL ACTION NO.:1-07-cv-01678(RWR)

LEMARCOS A. IRVING, et al.               :

        DEFENDANTS               :

### DEFENDANT HARVEY & ASSOCIATES' MOTION TO DISMISS

COMES NOW the Defendant, William A. Harvey & Associates, Inc. ("Harvey"), by and through its counsel, Larry E. Becker, Esq. and Becker, Kellogg & Berry, P.C., and for its Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), states as follows:

### Lack of Subject Matter Jurisdiction

1.      Plaintiff's Complaint fails to state sufficient facts to establish jurisdiction of this Court over the subject matter of this action. Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

2.      This action alleges in ¶ 11, that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and in ¶ 12, that the action is between citizens of different states and, as such, jurisdiction by virtue of diversity of citizenship is appropriate pursuant to 28 U.S.C. § 1332.

3.      The Complaint sets forth in ¶ 1 that Plaintiff IndyMac is a Federal Savings Bank organized in and with its principal place of business in the State of California.

4.      The Complaint fails to ever set forth the citizenship of Defendant Harvey.

5.      The Plaintiff failed to recognize that its status as a Federal Savings Bank, a corporation chartered *federally* in accordance with 12 U.S.C. § 1461 *et seq.*, means that Plaintiff

cannot file a civil action under diversity jurisdiction in the district courts, as it is excluded from the definition of a corporation under 28 U.S.C. § 1332(c).

**Failure to State a Claim**

6.    Counts 3, 4, 5, 6, and 7 of Plaintiff's Complaint fails to state a cause of action upon which relief may be granted against this Defendant. Counts 3, 4, 5, 6, and 7 of Plaintiff's Complaint should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

7.    Plaintiff's Complaint is fraught from beginning to end with internal inconsistencies and inadequacies which make it fatally flawed in its legal premises and destined to fail.

8.    Namely, the Plaintiff's Complaint fails to allege sufficient facts in Counts 3, 4, 5, 6, and 7 to support any cognizable legal claim against Defendant Harvey.

9.    To spare the Defendant the burdens of unnecessary pretrial and trial activity, and to spare further damage to the Defendant's professional reputation, Counts 3, 4, 5, 6, and 7 of the Complaint must be dismissed.

This Motion to Dismiss is supported by a Memorandum of even date, detailing the specific factual shortcomings of the Complaint and legal underpinnings for the arguments made herein.

WHEREFORE, Defendant Harvey requests that the Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and that Counts 3, 4, 5, 6, and 7 be dismissed for failure to state a cause of action under Fed. R. Civ. P. 12(b)(6).

**WILLIAM A. HARVEY & ASSOCIATES, INC.**

By Counsel

BECKER, KELLOGG & BERRY, P.C.


//S//Larry E. Becker                                                             Dated this  15th day of October 2007.
Larry E. Becker, Esq., DC Bar No. 288506
5501 Backlick Road, Suite 220
Springfield, Virginia 22151
Phone: (703) 256-1300
Fax:    (703) 256-3467
Attorney for Defendant William A. Harvey & Associates, Inc.


CARR MALONEY P.C.


//S// Jan E. Simonsen                                           Dated this  15th day of October 2007.
Jan E. Simonsen, Esq., D.C. Bar No.: 417928
1615 L Street, N.W.
Suite 500
Washington, DC 20036
Attorney for Defendant William A. Harvey & Associates, Inc.


## CERTIFICATE OF MAILING

I hereby certify that I caused to be mailed, via first-class, postage prepaid mail, a true and correct copy of the foregoing MOTION TO DISMISS and MEMORANDUM SUPPORTING MOTION TO DISMISS on the  15th day of October 2007 to:

> Michael N. Russo, Jr.
> Council, Baradel, Kosmerl & Nolan, P.A.
> 125 West St., 4th Floor
> P.O. Box 2289
> Annapolis, MD 21404
>
> Lemarcos A. Irving
> 5755 Oak Forest Court
> Indian Head, MD  20640
>
> Nina Q. Irving
> 5755 Oak Forest Court
> Indian Head, MD  20640

Southshore Title & Escrow, Inc.
Resident Agent: Hofdahl, Inc.
3521 Barkley Drive
Fairfax, VA 22031

Timothy F. Geppert
Individually and trading as GEPPERT REAL
ESTATE, an unincorporated entity
7 Ashky Court
Middleton, MD 21769

Fairfax Realty, Inc.
Resident Agent: David P. Michalski
103 W. Broad St.
Ste. 400
Falls Church, VA 22046

Albert Smith
4140 Ferry Landing Road
Dunkirk, MD 20754

Legacy Financial Corporation
Resident Agent: Gary M. Gertier
9617 Eldwick Way
Potomac, MD 20854

Samuel Adebayo
7811 Montrose Road
Ste. 501
Rockville, MD 20854

Corporation Management Services, Inc.
Resident Agent: Alan R. Davis
1400 Spring St.
Ste. 415
Silver Spring, MD 20910

Alan R. Davis
1400 Spring St.
Ste. 415
Silver Spring, MD 20910

//S// Jan E. Simonsen
Jan E. Simonsen

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INDYMAC BANK, F.S.B. | : | |
| PLAINTIFF | : | |
| v. | : | CIVIL ACTION NO.:1-07-cv-01678(RWR) |
| LEMARCOS A. IRVING, et al. | : | |
| DEFENDANTS | : | |

### DEFENDANT HARVEY & ASSOCIATES'
### MEMORANDUM SUPPORTING MOTION TO DISMISS

COMES NOW the Defendant, William A. Harvey & Associates, Inc. ("Harvey"), by and through its counsel, Larry E. Becker, Esq. and Becker, Kellogg & Berry, P.C., and for its Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), states as follows:

### Lack of Subject Matter Jurisdiction

1.    Standard for Dismissal

Pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(h)(3), the standard remedy for failure to satisfy subject matter jurisdiction is dismissal of the claim.[1] A complaint may adequately allege the presence of federal subject matter jurisdiction, but if the actual facts and allegations before the court belie that averment, then the court must confirm that federal jurisdiction is absent, compelling the dismissal of the case.[2] Importantly, parties may not consent to have a case heard in federal court where subject matter jurisdiction is absent.[3]

---

[1] Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (first responsibility of court is to determine jurisdiction; if jurisdiction is lacking, court should dismiss without addressing merits); Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

[2] See Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939).

[3] Capron v. Van Noorden, 6 U.S. (2 Cranch) 126, 126, 2 L.Ed. 229 (1804); see Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167 (1939).

When a defendant challenges subject matter jurisdiction, the plaintiff (as the party asserting the existence of jurisdiction) must bear the burden of establishing jurisdiction.[4] In diversity cases, the party must demonstrate complete diversity of citizenship[5] and a claim that in good faith exceeds $75,000, exclusive of interest and costs.[6]

On a facial challenge to subject matter jurisdiction, the defendant contests that the pleader adequately and formally averred the basis for jurisdiction in federal court; if the pleader fails to do so, the pleading can be dismissed.[7] In evaluating facial subject matter jurisdiction attacks, the court ordinarily construes the complaint liberally, accepts all uncontroverted, well-pleaded factual allegations as true, and views all reasonable inferences in plaintiff's favor.[8] The court views the allegations as a whole; if a conclusory averment of subject matter jurisdiction is contradicted by other allegations in the pleading, the case may be dismissed.[9] Whether subject matter jurisdiction exists is tested as of the date the lawsuit was filed.[10]

---

[4] See Thomson v. Gaskill, 314 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951 (1942); Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992).

[5] 28 U.S.C. § 1332; see City of Indianapolis v. Chase Nat'l. Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941).

[6] 28 U.S.C. § 1332; see St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938) (ruling that dismissal is only proper where it appears, to a "legal certainty", that claim is truly for less than the jurisdictional amount). Satisfaction of the jurisdictional amount requirement is not an issue that is presently being challenged in this case.

[7] See Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939).

[8] See Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

[9] See Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939).

[10] See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 574, 124 S.Ct. 1920, 1925, 158 L.Ed.2d 866 (2004); Conolly v. Taylor, 27 U.S. (2 Pet.) 556, 7 L.Ed. 518 (1829) (Marshall, C.J.).

In the case of substantive subject matter jurisdiction attacks, the court will *not* presume that plaintiff's factual allegations are true, and will not accept conclusory allegations as true but may instead weigh the evidence before it and find the facts, so long as this factfinding does not involve the merits of the dispute.[11] In performing its factfinding, the court enjoys broad discretion and may receive and consider extrinsic evidence.[12] In cases involving substantive attacks to the court's subject matter jurisdiction, the parties may produce affidavits and other materials to support their positions on subject matter jurisdiction.[13]

### 2.    Facial Deficiencies in the Complaint

The Plaintiff failed to adequately aver the basis for jurisdiction in federal court in its Complaint, and the Complaint must therefore be dismissed. Even construing the Complaint liberally for the purposes of evaluating whether the basis for federal jurisdiction was adequately alleged, accepting all uncontroverted, well-pleaded factual allegations as true, and viewing all reasonable inferences in favor of the Plaintiff, this Court cannot find that the Complaint properly alleges a basis for federal diversity jurisdiction.

In order to demonstrate complete diversity of citizenship, it is self-evident that the Complaint must allege facts to support a finding of citizenship for each party to the action. The Complaint in the instant case fails to make any allegations pertaining to citizenship for Defendant Harvey. While the Complaint lists factors commonly used to determine citizenship for each other party to the litigation, the "**Parties**" section of the Complaint completely omits any mention of Defendant Harvey, and thereby fails to allege any jurisdictional facts with respect to Defendant Harvey. No allegations

---

[11] *See* <u>Coalition for Underground Expansion v. Mineta</u>, 333 F.3d 193, 198 (D.C. Cir. 2003).

[12] *See* <u>Id.</u>

[13] *See* <u>Id.</u>

relevant to a determination of Defendant Harvey's citizenship are contained within the remainder of the Complaint, which must therefore be dismissed as fatally defective on its face for failure to make the averments necessary for a finding of federal diversity jurisdiction.

      3.    Substantive Deficiencies - Material Jurisdictional Facts

As stated in the Complaint and undisputed by Defendant Harvey, Plaintiff IndyMac Bank, F.S.B. ("IndyMac") "is a Federal Savings Bank ("FSB") organized in and with its principal place of business in the State of California."[14] In order to hold itself out as a FSB, IndyMac has been chartered pursuant to the Home Owners' Loan Act, 12 U.S.C. § 1461 *et seq.* IndyMac holds itself out to be "the 7th largest savings and loan in the nation." IndyMac offers home loans to consumers in all fifty states and the District of Columbia.[15] IndyMac has physical offices located in California, Georgia, Missouri, New Jersey, Texas, Washington (state), Colorado, Illinois, Michigan, and Arizona.[16] In the second quarter of 2007 alone, IndyMac reached a record total number of consumer customers of 969,030 across the country, had net revenues of $297.8 million, net earnings of $44.6 million, and total assets of $31.7 billion.[17]

      4.    Substantive Deficiencies - Federal Savings Banks Ineligible for Diversity Jurisdiction

Contrary to IndyMac's apparent contention that it is a citizen of California,[18] by virtue of its organization and principal place of business located there,[19] pursuant to settled law, IndyMac is a

---

[14] *See* Complaint ¶ 1.

[15] *See* IndyMac Bank - Home Lending, http://www.indymacmortgage.com/loanworks/default.asp (last visited Oct. 4, 2007).

[16] *See* Directions - IndyMac Bank, http://www.indymacbank.com/page.asp?psection=imb\career\direction (last visited Oct. 4, 2007).

[17] *See* A Place to Call Home: Second Quarter 2007, http://media.corporate-ir.net/media_files/irol/11/118924/Q207FactSheet1.pdf (last visited Oct. 4, 2007).

[18] *See* Complaint ¶ 12 (stating that the action "is between citizens of different states").

[19] *See* Complaint ¶ 1.

federally chartered savings bank, or FSB (as previously abbreviated),[20] that is a citizen not only of California, but also of every state. As many federal courts have noted over the past fifty years, most recently the Eastern District of Virginia, contentions like that made by IndyMac are uniformly rejected by the lower courts of the United States.

In 1948, Congress enacted 28 U.S.C.§ 1349,[21] which restricts federal question jurisdiction based on a company's federal charter to those companies where more than one-half of the company's stock is owned by the federal government. Ten years later, Congress also acted to restrict diversity jurisdiction based on a company's citizenship by expanding that citizenship to include the state where a corporation's principal business is located, as well as the state of its incorporation.[22] Importantly, when Congress amended the definition of corporate citizenship to include the state where a corporation's principal place of business, it did not state specifically whether this definition applied to federally chartered corporations as well as to those incorporated under state laws.

Lehman Brothers Bank, F.S.B. v. Yoder Mortgage, 415 F.Supp.2d 636 (E.D. Va. 2006), dealt with a case involving parties essentially identical to those involved in the instant case. The Lehman Brothers court presided over an action wherein a foreclosing mortgage lender brought tort and contract claims against the loan originator and appraisers, seeking to recover damages allegedly caused by the defendants' misrepresentations and breaches of agreements, including falsification of

---

[20] FSBs may be distinguished from national banks, also known as national banking associations, which are formed under Chapter 2 of Title 12 of the U.S. Code, 12 U.S.C. § 21 et seq. In contrast, federal savings associations, including FSBs, are formed in accordance with Chapter 12 of Title 12 of the U.S. Code, 12 U.S.C. § 1461 et seq., known as the "Home Owners' Loan Act." Specifically, a FSB must be chartered under 12 U.S.C. § 1464. See 12 U.S.C. § 1462(5). Chapter 12 of Title 12 takes care to distinguish national banks from federal savings associations, including FSBs. See 12 U.S.C. § 1462(6).

[21] 28 U.S.C.§ 1349 states in its entirety that "[t]he district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock."

[22] 28 U.S.C. § 1332(c)(1), deeming corporations to be "a citizen of any state in which it has been incorporated and of the

mortgage loan documents and misappraisal of the property's value, nearly identical claims brought against the defendants in the instant case.[23] Upon considering a motion to dismiss for lack of subject matter jurisdiction brought by the defendants, Judge Ellis conducted a detailed analysis of the ability of federal savings banks to file suit under diversity jurisdiction.

The <u>Lehman Brothers</u> court concluded that while the Supreme Court has never addressed the issue of diversity jurisdiction for federally chartered corporations, the lower courts have uniformly construed § 1332(c) to apply only to companies incorporated under state law.[24] Thus, federal courts continue to adhere to the general rule that federally chartered companies are ineligible for diversity jurisdiction.[25] As demonstrated in the analysis performed by the <u>Lehman Brothers</u> court, there are only two limited exceptions to this general rule: (1) where Congress has rebutted the presumption of national citizenship for federally chartered corporations by providing for citizenship in a particular state, or by incorporating the entity as a "body corporate" of a particular state; or (2) where the federally chartered corporation's activities are sufficiently localized to warrant deeming it a citizen of

---

State where it has its principal place of business."

[23] 415 F.Supp.2d at 638.

[24] <u>Lehman Brothers</u>, 415 F.Supp.2d at 639, *citing* <u>Burton v. U.S. Olympic Committee</u>, 574 F.Supp. 517, 519 (C.D. Cal. 1983) ("[T]here is no evidence that Congress ever considered the applicability of the 1958 amendment to federal corporations. Rather, Congress probably intended the 1958 amendment to affect the jurisdictional status of state-incorporated companies only, leaving the status of federal corporations to receive further elaboration by the federal courts.") (citing Moore's Federal Practice, ¶ 0.77[2.-4] at 717.50 (2d ed. 1964)).

[25] <u>Lehman Brothers</u>, 415 F.Supp.2d at 639, *citing, e.g.*, <u>Hancock Financial Corp. v. Federal Savings and Loan Ins. Corp.</u>, 492 F.2d 1325, 1329 (9th Cir. 1974); <u>Provident Nat'l Bank v. California Federal Sav. & Loan Ass'n</u>, 624 F.Supp. 858, 861 (E.D. Pa. 1985) ("[T]he general rule ... is that the citizenship of a federal corporation created to operate in one or more states is national only. Such a corporation has no state citizenship for jurisdictional purposes unless Congress so enacts."); <u>Monsanto Co. v. Tennessee Valley Authority</u>, 448 F.Supp. 648, 650 (N.D. Al. 1978) ("A corporation created by an Act of Congress and whose activities ... are not to be confined to a single state, is not a citizen of any state, absent a specific statutory provision for its citizenship in a state."); <u>Auriemma Consulting Group, Inc. v. Universal Sav. Bank</u>, 367 F.Supp.2d 311, 313 (E.D. N.Y. 2005) ("The general rule with respect to such institutions is that the corporation is not considered to be a citizen of any particular state for the purpose of establishing diversity of citizenship.").

a particular state.[26]

Whereas Congress did not make any provision in the Home Owners' Loan Act, 12 U.S.C. § 1461 *et seq.*, providing for citizenship in any particular state, the first limited exception to the general rule making federally chartered companies (including FSBs) ineligible for diversity jurisdiction does not apply to IndyMac or any other FSB. This mirrors the finding by the Eastern District of Virginia in the Lehman Brothers case, dealing with another FSB, subject to precisely the same statutory framework under which IndyMac was chartered.[27]

The second "localization" exception was first articulated by the Third Circuit in 1959.[28] In the Feuchtwanger opinion, the Third Circuit recognized that notwithstanding their federal charter, certain federal corporations have only a limited geographic presence, and therefore should be afforded the same opportunity to invoke diversity jurisdiction as entities incorporated under state law.[29] As detailed by the Lehman Brothers court, courts subsequently applying the "localization" exception, thereby permitting federally chartered corporations to qualify for diversity jurisdiction, have looked to a number of factors, no single one of which is determinative, to determine whether a federally chartered corporation qualifies for the exception, including: (i) the corporation's principal place of business; (ii) the location of the branch offices; (iii) the volume of business transacted in different states; and (iv) "any other evidence that tends to show the local or national nature of the

---

[26] Lehman Brothers, 415 F.Supp.2d at 640, *citing* Iceland Seafood Corp. v. National Consumer Cooperative Bank, 285 F.Supp.2d 719, 723 (E.D. Va. 2003).

[27] Lehman Brothers, 415 F.Supp.2d at 640.

[28] *See* Feuchtwanger v. Lake Hiawatha Federal Credit Union, 272 F.2d 453 (3d Cir. 1959).

[29] *See* Lehman Brothers, 415 F.Supp.2d at 640 (summarizing the holdings of Feuchtwanger), *citing* Iceland Seafood Corp. v. National Consumer Cooperative Bank, 285 F.Supp.2d 719, 724 (E.D. Va. 2003); Loyola Federal Savings Bank v. Fickling, 58 F.3d 603, 606 (11th Cir. 1995); Crum v. Veterans of Foreign Wars, 502 F.Supp. 1377, 1379 (D. Del. 1980); Little League Baseball, Inc. v. Welsh Pub. Group, Inc., 874 F.Supp. 648, 651 (M.D. Pa. 1995); Burton v. U.S. Olympic Committee, 574 F.Supp. 517, 519 (C.D. Cal. 1983).

corporation's plans and operations."[30]

5.    Substantive Deficiencies - Application to Instant Case

As the party seeking jurisdiction, IndyMac has the burden to show that federal subject matter jurisdiction is proper.[31] In this case, that means that IndyMac must either demonstrate that it is not a FSB, or it must demonstrate that one of the exceptions that would permit it to partake in a diversity jurisdiction suit applies. IndyMac cannot carry its burden to demonstrate that any exception to the rule removing FSBs from the coverage of diversity jurisdiction applies. Even granting the Plaintiff the benefit of its self-serving statement in the Complaint that its principal place of business is California, IndyMac's inability to remove itself from the general rule through the "localization" exception be readily demonstrated by a cursory review of the statements and products that IndyMac makes available to the public. As previously articulated, IndyMac holds itself out to the public as having physical offices located in California, Georgia, Missouri, New Jersey, Texas, Washington (state), Colorado, Illinois, Michigan, and Arizona,[32] and offers home loans to consumers in all fifty states and the District of Columbia.[33] As noted in Lehman Brothers, Courts have deemed federally chartered banks with a much less of a national presence than IndyMac to be ineligible for the localization exception.[34]

---

[30] See Lehman Brothers, 415 F.Supp.2d at 640, quoting Auriemma Consulting Group, Inc. v. Universal Sav. Bank, 367 F.Supp.2d 311, 313 (E.D. N.Y. 2005) and citing Iceland Seafood Corp. v. National Consumer Cooperative Bank, 285 F.Supp.2d 719, 724 (E.D. Va. 2003); Loyola Federal Savings Bank v. Fickling, 58 F.3d 603, 606 (11th Cir. 1995).

[31] See, e.g., Spencer v. Kemna, 523 U.S. 1, 11, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).

[32] See Directions - IndyMac Bank, http://www.indymacbank.com/page.asp?psection=imb\career\direction (last visited Oct. 4, 2007).

[33] See IndyMac Bank - Home Lending, http://www.indymacmortgage.com/loanworks/default.asp (last visited Oct. 4, 2007).

[34] See Lehman Brothers, 415 F.Supp.2d at 641, citing Iceland Seafood Corp. v. National Consumer Cooperative Bank, 285 F.Supp.2d 719, 724 (E.D. Va. 2003).

6.    Conclusion

The Complaint itself cannot facially support a finding of subject matter jurisdiction, as it fails to properly allege facts necessary to a finding of complete diversity. Furthermore, as a substantive result of its avowedly transcontinental reach and multi-state activities, IndyMac cannot demonstrate that it falls under any exception to the general rule that FSBs, a species of federally chartered corporations, are ineligible to invoke federal diversity jurisdiction. Therefore, Plaintiff's Complaint fails to state sufficient facts to establish jurisdiction of this Court over the subject matter of this action by virtue of its facial and substantive deficiencies. Plaintiff's Complaint should thus be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## Lack of Subject Matter Jurisdiction

7.    Standard for Dismissal

A motion filed pursuant to Fed. R. Civ. P. 12(b) generally and Fed. R. Civ. P. 12(b)(6) specifically tests the legal sufficiency of a complaint: dismissal is inappropriate unless the "plaintiff can prove no set of facts in support of his claims which would entitle him to relief."[35] The Court will accept the plaintiff's factual allegations as true and construe the complaint "liberally," "granting plaintiff the benefit of all inferences that can be derived from the facts alleged."[36] The Court need not, however, accept inferences that are unsupported by the facts set out in the complaint, nor will it accept legal conclusions cast in the form of factual allegations.[37] At the Rule 12(b)(6) stage, the

---

[35] Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

[36] Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

[37] Id. at 1275. See Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002), citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1357, at 347-48 (2d ed. 1990) (explaining that Fed. R. Civ. P. 12(b)(6) dismissal is appropriate where the allegations contradict the claim asserted, e.g., where the allegations in an action for negligence showed that the plaintiff's own negligence was the sole proximate cause of the injury).

Court does not assess "the truth of what is asserted or determine whether a plaintiff has any evidence to back up what is in the complaint."[38]

### 8.    Analysis of the Complaint

The insufficiencies apparent in the Complaint occur throughout its entirety, beginning with the designation of the parties. As previously noted, while Defendant Harvey is noted as a defendant in the caption for the Complaint (which the Defendant can only assume is what enabled service to be perfected), Defendant Harvey is not listed as a party anywhere within the paragraphs comprising the **"Parties"** section of the Complaint, and no allegation is made as to: (1) the type of corporate entity which Defendant Harvey has adopted; (2) the location of Defendant Harvey's principal place of business or other factors permitting a judgment on citizenship; or (3) the type of business in which Defendant Harvey is engaged. While this specific omission is not fatal to analysis of the Complaint's failure to state a claim against Defendant Harvey (although it is fatal to the subject matter jurisdiction of this Court), it is indicative of the oversights with which the Complaint is fraught.

It is further worth noting that Defendant Harvey is only specifically mentioned twice in the **"Facts Common to All Counts"** portion of the Complaint. The two factual allegations regarding Defendant Harvey, ¶ 23 and ¶ 32, are brief enough that they are worth repeating in this space for ease of reference:

23.    William C. Harvey & Associates, Inc. ("Harvey & Associates") conducted an appraisal of the Subject Property at the request of and for the benefit of IndyMac in order that IndyMac might examine and underwrite this prospective loan to the Irvings.

32.    Harvey & Associates conducted an appraisal of the Subject Property and concluded

---

[38] ACLU Found. of S. Cal. v. Barr, 952 F.2d 457, 467 (D.C. Cir. 1991).

that the fair market value of the Subject Property was One Million Six Hundred Five Thousand Five Hundred Seventy-Four Dollars ($1,605,574.00). However, at the time this appraisal was issued the actual fair market value of the property was much lower.

### a.   *Count 3 - Breach of Contract (Legacy)*

In Count 3 of the Complaint, the Plaintiff alleges Breach of Contract against Defendant Legacy Financial Corporation ("Legacy"). To support this claim, the Plaintiff alleges specific facts that may or may not satisfy the Plaintiff's burden with respect to Defendant Legacy. However, no allegations within Count 3 even mention Defendant Harvey. Further, neither of the allegations contained in ¶ 23 or ¶ 32 support a finding against Defendant Harvey on the basis of Defendant Legacy's alleged breach of contract.

That absence of factual support notwithstanding, the Plaintiff concludes Count 3 of the Complaint by demanding judgment against Defendant Harvey, **not** Defendant Legacy, in the amount of $1,200,000.00, plus interest, costs, and attorney's fees. While Defendant Harvey can only presume that this was a simple substitution error on the part of the Plaintiff, it must nonetheless move this Court to dismiss Count 3 for failure to state a claim against Defendant Harvey. As the Court need not accept any unsupported inferences or legal conclusions set out as factual allegations in the Complaint, the Court must dismiss Count 3 with respect to Defendant Harvey.

### b.   *Count 4 - Negligence (Legacy and Adebayo)*

In Count 4 of the Complaint, the Plaintiff alleges Negligence against Defendant Legacy and Defendant Samuel Adebayo ("Adebayo"). To support this claim, the Plaintiff alleges specific facts that may or may not satisfy the Plaintiff's burden with respect to Defendants Legacy and Adebayo. However, no allegations within Count 4 even mention Defendant Harvey. Further, neither of the allegations contained in ¶ 23 or ¶ 32 support a finding against Defendant Harvey on the basis of

Defendant Legacy's and Adebayo's negligence

That absence of factual support notwithstanding, the Plaintiff concludes Count 4 of the Complaint by demanding judgment against Defendant Harvey, **not** Defendant Legacy, in the amount of $1,300,000.00, plus interest, costs, and attorney's fees. While Defendant Harvey can only presume that this was a simple substitution error on the part of the Plaintiff, it must nonetheless move this Court to dismiss Count 4 for failure to state a claim against Defendant Harvey. As the Court need not accept any unsupported inferences or legal conclusions set out as factual allegations in the Complaint, the Court must dismiss Count 4 with respect to Defendant Harvey.

c.     *Count 5 - Specific Performance (Legacy)*

In Count 5 of the Complaint, the Plaintiff demands a judicial decree of Specific Performance against Defendant Legacy. To support this claim, the Plaintiff alleges specific facts that may or may not satisfy the Plaintiff's burden with respect to Defendant Legacy. However, no allegations within Count 5 even mention Defendant Harvey. Further, neither of the allegations contained in ¶ 23 or ¶ 32 support a finding against Defendant Harvey on the basis of a demand for a judicial decree of specific performance against Defendant Legacy.

That absence of factual support notwithstanding, the Plaintiff concludes Count 5 of the Complaint by demanding judgment against Defendant Harvey, **not** Defendant Legacy, in the amount of $1,300,000.00, plus interest, costs, and attorney's fees. While Defendant Harvey can only presume that this was a simple substitution error on the part of the Plaintiff, it must nonetheless move this Court to dismiss Count 5 for failure to state a claim against Defendant Harvey. As the Court need not accept any unsupported inferences or legal conclusions set out as factual allegations in the Complaint, the Court must dismiss Count 5 with respect to Defendant Harvey.

      d.     *Count 6 - Fraud (All Defendants)*

In Count 6 of the Complaint, the Plaintiff alleges Fraud against all defendants, but fails to make any mention of Defendant Harvey whatsoever. This includes a failure to mention Defendant Harvey in either the supporting facts set forth in Count 6 and a failure to include Defendant Harvey in its demand for judgment under Count 6.

Fed. R. Civ. P. 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud and mistake shall be stated with particularity. With no particular allegation made as to Defendant Harvey, Count 6 of the Complaint cannot survive the particularity requirement expressed in Fed. R. Civ. P. 9(b) with respect to Defendant Harvey. Therefore, Defendant Harvey must move this Court to dismiss Count 6 for failure to state a claim against Defendant Harvey. As the Court need not accept any unsupported inferences or legal conclusions set out as factual allegations in the Complaint, the Court must dismiss Count 6 with respect to Defendant Harvey.

      e.     *Count 7 - Civil Conspiracy (All Defendants)*

In Count 7 of the Complaint, the Plaintiff alleges that all defendants engaged in a civil conspiracy, or "a common scheme to defraud IndyMac." See Complaint ¶ 71. While unlike the other counts previously noted, the Plaintiff's allegations in Count 7 actually match both its caption and the Plaintiff's demand for judgment, Count 7 must nonetheless be dismissed for failure to state a claim against Defendant Harvey.

The D.C. Circuit has long held that civil conspiracy is not a separate cause of action, but rather an independent means of establishing liability of underlying torts.[39] In this case, the Plaintiff is basing its civil conspiracy claim on the premise that all defendants engaged in "a common scheme to

defraud" the Plaintiff. However, as discussed above, in reference to Count 6, the Plaintiff has absolutely failed to make any tenable claim for fraud against Defendant Harvey. No factual allegations anywhere within the Complaint support this conclusion. In addition, as dictated by Fed. R. Civ. P. 9(b), fraud must be pleaded with particularity. In the absence of any particular allegations linking Defendant Harvey to the purported fraud, this Court must dismiss Count 7 with respect to Defendant Harvey for failure to state a claim against the Defendant.

WHEREFORE, Defendant Harvey requests that the Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and that Counts 3, 4, 5, 6, and 7 be dismissed for failure to state a cause of action under Fed. R. Civ. P. 12(b)(6).

**WILLIAM A. HARVEY & ASSOCIATES, INC.**

By Counsel

BECKER, KELLOGG & BERRY, P.C.


//S// Larry E. Becker                                    Dated this  15th day of October 2007.
Larry E. Becker, Esq., DC Bar No. 288506
5501 Backlick Road, Suite 220
Springfield, Virginia 22151
Phone: (703) 256-1300
Fax:    (703) 256-3467
Attorney for Defendant William A. Harvey & Associates, Inc.


CARR MALONEY P.C.


//S// Jan E. Simonsen                                    Dated this  15th day of October 2007.
Jan E. Simonsen, Esq., D.C. Bar No.: 417928
1615 L Street, N.W.
Suite 500
Washington, DC 20036
Attorney for Defendant William A. Harvey & Associates, Inc.

---

[39] Browning v. Clinton, 292 F.3d 235, *citing* Halberstam v. Welch, 705 F.2d 472, 479 (D.C. Cir. 1983).

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

INDYMAC BANK, F.S.B.                    :

        PLAINTIFF                    :

v.                                      :       CIVIL ACTION NO.:1-07-cv-01678(RWR)

LEMARCOS A. IRVING, et al.              :

        DEFENDANTS                   :

### ORDER

Upon consideration of Defendant, William A. Harvey & Associates, Inc.'s Motion to Dismiss, and any opposition thereto, it is by this Honorable Court, this _____ day of _____, 2007

ORDERED, that said Motion be, and the same hereby is GRANTED; and it is further

ORDERED, that the Complaint filed herein be dismissed with prejudice as to Defendant, William A. Harvey & Associates, Inc.


                             _____
                             Judge Richard W. Roberts


cc:     Jan E. Simosne, Esquire
        Carr Maloney P.C.
        1615 L Street, N.W.
        Suite 500
        Washington, D.C.  20036

        Larry E. Becker, Esq.
        5501 Backlick Road, Suite 220
        Springfield, Virginia 22151

Michael N. Russo, Jr.
Council, Baradel, Kosmerl & Nolan, P.A.
125 West St., 4th Floor
P.O. Box 2289
Annapolis, MD 21404

Lemarcos A. Irving
5755 Oak Forest Court
Indian Head, MD  20640

Nina Q. Irving
5755 Oak Forest Court
Indian Head, MD  20640

Southshore Title & Escrow, Inc.
Resident Agent: Hofdahl, Inc.
3521 Barkley Drive
Fairfax, VA  22031

Timothy F. Geppert
Individually and trading as GEPPERT REAL
ESTATE, an unincorporated entity
7 Ashky Court
Middleton, MD 21769

Fairfax Realty, Inc.
Resident Agent: David P. Michalski
103 W. Broad St.
Ste. 400
Falls Church, VA 22046

Albert Smith
4140 Ferry Landing Road
Dunkirk, MD 20754

Legacy Financial Corporation
Resident Agent: Gary M. Gertier
9617 Eldwick Way
Potomac, MD  20854

Samuel Adebayo
7811 Montrose Road
Ste. 501
Rockville, MD  20854

Corporation Management Services, Inc.
Resident Agent: Alan R. Davis
1400 Spring St.
Ste. 415
Silver Spring, MD 20910

Alan R. Davis
1400 Spring St.
Ste. 415
Silver Spring, MD 20910