<u>**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**</u>

INDYMAC BANK, F.S.B.

     Plaintiff

     v.                             Case No.: 1-07-cv 01678 (RWR)

LEMARCOS A. IRVING, et al.

     Defendants
_____

<u>**MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**</u>

     Plaintiff IndyMac Bank, F.S.B., by Council, Baradel, Kosmerl & Nolan, P.A., Michael N. Russo, Jr. and Michael S. Steadman, Jr., its attorneys, hereby moves, pursuant to F.R.Civ.P. 15(a), and for leave to file a First Amended Complaint and as reasons therefore, says:

     1.    Plaintiff filed this Complaint on September 21, 2007.  Some, but not all, of the Defendants have been served.

     2.    Defendant Geppert has filed an Answer.

     3.    Defendant William C. Harvey & Associates, Inc. has filed a Motion to Dismiss.

     4.    The attached proposed First Amended Complaint is offered to correct typographical errors in the original Complaint and to provide further assertions regarding the roles of the parties.  The Complaint is also offered to add a party Defendant, Jubilee Realty and Associates, LLC.

     5.    Plaintiff offers an accompanying Memorandum in Support of this Motion.

     WHEREFORE, for the reasons set forth above and as set forth in the accompanying Memorandum, Plaintiff respectfully requests this Court leave for filing of the First Amended Complaint and provide any further relief as this Court may deem appropriate.

COUNCIL, BARADEL,
KOSMERL & NOLAN, P.A.

Date:  October 22, 2007

By:    */s/MICHAEL N. RUSSO, JR.*
       Michael N. Russo, Jr.
       D.C. Bar No. 424712
       Michael S. Steadman, Jr.
       D.C. Bar No. 502347
       125 West Street, 4th Floor
       Post Office Box 2289
       Annapolis, Maryland 21404-2289

       Annapolis:  (410) 268-6600
       Baltimore:  (410) 269-6190
       Washington: (301) 261-2247

       Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 22, 2007, a copy of the foregoing document was mailed, first class postage prepaid or by electronic transmission through ECF, to:

Douglas Richard Taylor, Esq.
P.O. Box 4566
Rockville, MD  20850

Jan E. Simonson, Esq.
CARR MALONEY PC
1615 L St., N. W., Ste. 500
Washington, D.C.  20036

Larry E. Becker, Esq.
BECKER, KELLOGG & BERRY, P.C.
5501 Backlick Rd., Ste. 200
Springfield, VA  22151

Sean M. Hanifin, Esq.
ROSS, DIXON & BELL
2001 K Street, N. W.
Washington, D.C  20006

Matthew W. Carlson, Esq.
THOMPSON & O'DONNELL, LLP
1212 New York Ave., N.W., Ste. 1000

Washington, D.C.  20005

Mr. Lemarcos A. Irving
5755 Oak Forest Court
Indian Head, MD  20640

Ms. Nina Q. Irving
5755 Oak Forest Court
Indian Head, MD  20640

SOUTHSHORE TITLE & ESCROW, INC.
Resident Agent:  Hofdahl, Inc.
7019 Backlick Court
Springfield, VA  22151

FAIRFAX REALTY, INC.
Resident Agent: David P. Michalski
103 W. Broad St., Ste. 400
Falls Church, VA  22046

Mr. Albert Smith
4140 Ferry Landing Rd.
Dunkirk, MD  20754

LEGACY FINANCIAL CORPORATION
Resident Agent:  Gary M. Gertier
9617 Eldwick Way
Potomac, MD  20854

Mr. Samuel Adebayo
7811 Montrose Road, Ste. 501
Rockville, MD  20854

CORPORATE MANAGEMENT SERVICES, INC.
Resident Agent:  Alan R. Davis
1400 Spring St., Ste. 415
Silver Spring, MD  20910

Mr. Alan R. Davis
1400 Spring St., Ste. 415
Silver Spring, MD  20910

*/s/MICHAEL N. RUSSO, JR.*

<u>IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA</u>

INDYMAC BANK, F.S.B.

      Plaintiff

      v.                           Case No.: 1-07-cv 01678 (RWR)

LEMARCOS A. IRVING, et al.

      Defendants
_____

<u>MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO<br>FILE FIRST AMENDED COMPLAINT</u>

      Plaintiff IndyMacBank, F.S.B., by Council, Baradel, Kosmerl & Nolan, P.A., Michael N. Russo, Jr. and Michael S. Steadman, Jr., its attorneys, offers this Memorandum in Support of its Motion for leave to File First Amended Complaint.

      Plaintiff filed this Complaint on September 21, 2007.  Service has been made as to most but not all Defendants.  Defendant Geppert filed an Answer to the Complaint on October 15, 2007 (docket entry no. 10).  Defendant William C. Harvey & Associates, Inc. filed a Motion to Dismiss on October 15, 2007 (docket entry no. 11).  The undersigned counsel has received telephone calls from counsel for Defendant Fairfax Realty, Inc. and counsel for Defendant Southshore Title & Escrow, Inc., each requesting additional time to answer the Complaint.  The undersigned counsel has agreed to each request.

      The Motion to Dismiss filed by Defendant William C. Harvey & Associates, Inc., addresses in part, concerns regarding apparent typographical errors in the Complaint.  The Motion also expresses concern regarding the particularity with which some factual assertions are made.  Regrettably, it does appear that typographical errors did make their way into the final Complaint.  This includes a repeated error in which the name of the Defendant Harvey is

inserted in several *ad damnum* in place of the intended Defendant Legacy Financial Corporation. Further, there are some instances where allegations intended to include Defendant William C. Harvey & Associates, Inc. belongs on the list of Defendants designated; however, this addition was omitted. Corrections are made in the proposed First Amended Complaint.

Further, without conceding the merits of the Motion to Dismiss, to which Plaintiff intends to provide a timely reply, Plaintiff does include statements in the First Amended Complaint asserting further allegations and stating, with even further particularity, the role and actions of the Defendants, including Defendant William C. Harvey & Associates, Inc.

Also, during the aforementioned telephone communications between the undersigned counsel and counsel for Defendant Fairfax Realty, Inc., counsel for Fairfax Realty noted that the role of Defendant Smith as a agent for Fairfax Realty is unclear and that indeed Defendant Smith may have been acting as an employee and agent of Jubilee Realty and Associates, L.L.C. It appearing from a review of documents relevant to the transaction in question that this may be the case, it is appropriate the Jubilee Realty and Associates, L.L.C. be added as a Defendant in this action and that the Complaint be amended to allege Smith's principal in the alternative.

This litigation is in its infancy and the changes proposed in the First Amended Complaint are suggested in the interest of efficiency and clarity and are not intended to, nor will they actually prejudice any party or delay the effective prosecution of this litigation. S.C. Rule 15 provides, in relevant part, as follows: "Leave shall be freely given when justice so requires." Indeed, this is the case with respect to the proposed First Amended Complaint.

WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests this Court leave for filing of the First Amended Complaint and that this Court provide any further relief as it may deem appropriate.

COUNCIL, BARADEL,
KOSMERL & NOLAN, P.A.

Date:  October 22, 2007

By:     /s/MICHAEL N. RUSSO, JR.
        Michael N. Russo, Jr.
        D.C. Bar No. 424712
        Michael S. Steadman, Jr.
        D.C. Bar No. 502347
        125 West Street, 4th Floor
        Post Office Box 2289
        Annapolis, Maryland 21404-2289

        Annapolis:  (410) 268-6600
        Baltimore:  (410) 269-6190
        Washington: (301) 261-2247

        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 22, 2007, a copy of the foregoing document was mailed, first class postage prepaid or by electronic transmission through ECF, to:

Douglas Richard Taylor, Esq.
P.O. Box 4566
Rockville, MD  20850

Jan E. Simonson, Esq.
CARR MALONEY PC
1615 L St., N. W., Ste. 500
Washington, D.C.  20036

Larry E. Becker, Esq.
BECKER, KELLOGG & BERRY, P.C.
5501 Backlick Rd., Ste. 200
Springfield, VA  22151

Sean M. Hanifin, Esq.
ROSS, DIXON & BELL
2001 K Street, N. W.
Washington, D.C  20006

Matthew W. Carlson, Esq.
THOMPSON & O'DONNELL, LLP
1212 New York Ave., N.W., Ste. 1000
Washington, D.C.  20005

Mr. Lemarcos A. Irving
5755 Oak Forest Court
Indian Head, MD  20640

Ms. Nina Q. Irving
5755 Oak Forest Court
Indian Head, MD  20640

SOUTHSHORE TITLE & ESCROW, INC.
Resident Agent:  Hofdahl, Inc.
7019 Backlick Court
Springfield, VA  22151

FAIRFAX REALTY, INC.
Resident Agent: David P. Michalski
103 W. Broad St., Ste. 400
Falls Church, VA  22046

Mr. Albert Smith
4140 Ferry Landing Rd.
Dunkirk, MD  20754

LEGACY FINANCIAL CORPORATION
Resident Agent:  Gary M. Gertier
9617 Eldwick Way
Potomac, MD  20854

Mr. Samuel Adebayo
7811 Montrose Road, Ste. 501
Rockville, MD  20854

CORPORATE MANAGEMENT SERVICES, INC.
Resident Agent:  Alan R. Davis
1400 Spring St., Ste. 415
Silver Spring, MD  20910

Mr. Alan R. Davis
1400 Spring St., Ste. 415
Silver Spring, MD  20910

*/s/MICHAEL N. RUSSO, JR.*

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

INDYMAC BANK, F.S.B.

    Plaintiff

    v.                                   Case No.: 1-07-cv 01678 (RWR)

LEMARCOS A. IRVING;

NINA Q. IRVING;

SOUTHSHORE TITLE & ESCROW, INC.;

TIMOTHY F. GEPPERT, individually and t/a

    Geppert Real Estate, an unincorporated association;

FAIRFAX REALTY, INC.;

ALBERT SMITH;

LEGACY FINANCIAL CORPORATION;

SAMUEL ADEBAYO;

CORPORATE MANAGEMENT SERVICES, INC.;

ALAN R. DAVIS;

WILLIAM C. HARVEY & ASSOCIATES, INC;


**and**

**JUBILEE REALTY AND ASSOCIATES, L.L.C.[1]**
**4140 Ferry Landing Road**
**Dunkirk, MD  20754**

    **Serve on:  Resident Agent:**
    **Albert Smith**
    **4140 Ferry Landing Road**
    **Dunkirk, MD  20754**

    Defendants

---

## FIRST AMENDED[2] COMPLAINT

---

[1] **Jubilee Realty and Associates, L.L.C. is being added as a new party to this case.**

[2] **For the purpose of clarification,  deletions from the Complaint are indicated with a** ~~strikethrough~~ **and additions are set out in bold.**

Plaintiff IndyMac Bank ("IndyMac") by Council, Baradel, Kosmerl & Nolan, P.A., Michael N. Russo, Jr. and Michael S. Steadman, Jr., its attorneys, brings suit against the Defendants identified in the above-captioned action and says:

### Parties

1.    Plaintiff IndyMac is a Federal Savings Bank organized in and with its principal place of business in the State of California.  **IndyMac's home office is in California.**

2.    Defendants Lemarcos A. Irving and Nina Q. Irving (collectively "Irvings") are each individuals who are married to each other.  On information and belief, the Irvings are each citizens of and residents in the State of Maryland.

3.    Defendant Southshore Title & Escrow, Inc. ("Southshore") is a corporate entity incorporated in and with its principal place of business in the Commonwealth of Virginia. Southshore is engaged in the business of conducting real estate settlements and issuing title insurance.

4.    Defendant Timothy Geppert ("Geppert") is an individual who, upon information and belief, is a citizen of and resident in the State of Maryland.  Geppert trades as Geppert Real Estate, an unincorporated association.

5.    Defendant Albert Smith ("Smith") is an individual resident in and a citizen of the State of Maryland.  Smith was an acquaintance of the Irvings and assistant pastor of their church.  Smith was an employee and agent of Fairfax Realty, Inc. **and/or Jubilee Realty.**

6.    Defendant Fairfax Realty, Inc. **("Fairfax Realty")** is a corporate entity incorporated in and with its principal place of business in the Commonwealth of Virginia.

**6.1    Defendant Jubilee Realty & Associates, L.L.C. ("Jubilee Realty") is a Maryland limited liability company with its principal place of business in Maryland.**

7.    Defendant Samuel Adebeyo ("Adebeyo") is an individual resident in and a citizen of the State of Maryland.

8.    Defendant Legacy Financial Corporation ("Legacy") is a corporate entity organized and with its principal place of business in the State of Maryland.  Upon information and belief, Defendant Samuel Adebayo is an employee of Legacy Financial Corporation; and for all of the matters relevant to this Complaint, Adebayo acted as an employee and agent of Legacy Financial Corporation.  Legacy Financial Corporation is engaged in the business of mortgage lending.

9.    Defendant Corporate Management Services, Inc. ("CMS") is a corporation with its principal place of business in the State of Maryland.  CMS is, upon information and belief, engaged in the business of acquiring, by purchase or lease, or owning, maintaining, selling and/or leasing real property.

10.    Defendant Alan R. Davis ("Davis") is the principal of CMS.  Davis is an individual resident and citizen of the State of Maryland.  Davis is an employee and agent of CMS.

**10.1    Defendant William C. Harvey & Associates, Inc. ("Harvey & Associates") is a corporate entity incorporated in Virginia with its principal place of business in Virginia.**

### Jurisdiction and Venue

11.    The amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.

12.     The action is between citizens of different states and, as such, jurisdiction by virtue of diversity of citizenship is appropriate pursuant to 28 U.S.C. § 1332.

**Facts Common to All Counts**

13.     By Deed dated February 11, 2005, and recorded with the Recorder of Deeds for the District of Columbia on March 4, 2005, at Instrument No. 2005031077 CMS obtained fee-simple ownership of the Subject Property from 7336, LLC. (Attached to original Complaint as Exhibit A.)[3]

14.     The "Subject Property" has a mailing address of 7336 14th Street, N.W., Washington, D.C. 20010 and is known and described as follows:

> All that certain lot or parcel of land situate in the District of Columbia and being more particularly described as follows:
>
> Lot numbered 19 in square numbered 2737 in the subdivision made by the Lynchburg Investment Corporation of part of the tract of land called "Girl's Portion" now known as "16th Street Heights" as per plat recorded in Liber 42 at folio 8 of the Land Records of the Office of the Surveyor for the District of Columbia.
>
> Note: the above-described land is designated on the records of the Assessor for the District of Columbia for assessment and taxation purposes as Lot 19 in Square 2737.

15.     Smith approached the Irvings with a business proposition which involved the Irvings taking a role as the purchaser of the Subject Property.

16.     By Regional Sales Contract dated September 12, 2006, CMS contracted to sell the Subject Property to the Irvings for a sales price of One Million One Hundred Fifty Thousand Dollars ($1,150,000.00). (Attached to original Complaint as Exhibit B.)

---

[3] All Exhibits are referenced identically to the manner in which they are referenced in the original Complaint. Those Exhibits are adopted and incorporated herein in their entirety

17.    CMS was represented in the transaction by its principal stockholder, employee and agent Alan Davis.

18.    The Irvings, at the instruction and advice of their agents, including Smith and Geppert, engaged the services of Legacy Financial Corporation and its employee and agent, Samuel Adebayo, to obtain purchase money financing for their purchase of the Subject Property.  Adebayo and Legacy Financial arranged for the Irvings to finance their purchase of the Subject Property with a loan from IndyMac.

19.    Legacy and IndyMac had entered into a Seller Contract and e-MITS User Agreement ("Seller Contract") which provides the terms and conditions by which Legacy would originate and sell mortgage loans, such as the one ultimately provided to the Irvings, to IndyMac.  (Attached to original Complaint as Exhibit C.) This Agreement provided, *inter alia,* that Legacy was to "diligently perform all duties incident to the sale…of all mortgage loans which may be sold by [Legacy]… [Legacy] shall comply with all of the applicable provisions of the [Lending] Guide… [Legacy] shall promptly notify IndyMac in writing of any activity or action, either internal or external, which could potentially affect adversely the terms of any mortgage loan serviced hereunder…."  Seller Contract at Para. 2.

20.    The Seller Contract further provides that "[Legacy] acknowledges and agrees that it will be solely responsible for the data it inputs into the System and for the actions IndyMac takes based upon such data.  Seller agrees that IndyMac will have no liability whatsoever arising out of or related to inaccurate or erroneous data."  Seller Contact at Para. 6.4.

21.    Legacy specifically warranted that the representations made, including those representations made with respect to the Irvings, were "true and correct."  Seller Contract at

5

Para. 14.  Further, Legacy agreed to "promptly indemnify, defend and hold IndyMac from and against all losses, claims, demands, actions or causes or action, liability, damages, penalties, fines, forfeitures, judgments, legal fees, including reasonable attorney's fees actually incurred, and any other costs and expenses heretofore or hereafter resulting from, arising out of, relating to or in connection with (i) any actual or alleged breach of any representation, warranty or obligation of [Legacy] contained in or made pursuant to this Contract or the [lending] guide, or (ii) any act or omission by Seller under this Contract or the [lending] guide…  Seller Contract at Para. 16.

22.    Further, and in an Addendum to the Seller Contract dated July 13, 2005, ("Addendum") Legacy specifically warranted and covenanted that "[Legacy] will make all commercially reasonable efforts to insure the highest quality of integrity and accuracy with respect to loan quality and data verification."  (Attached to original Complaint as Exhibit D.)

23.    William C. Harvey & Associates, Inc. ("Harvey & Associates") conducted an appraisal of the Subject Property at the request of and for the benefit of IndyMac in order that IndyMac might examine and underwrite this prospective loan to the Irvings.

24.    The Irvings, and/or their agents or representatives, retained the services of Southshore Title & Escrow, Inc. to serve as the settlement agent, escrow agent and title agent for the Irvings' purchase of the Subject Property from CMS.

25.    On or about September 15, 2006, IndyMac provided Southshore Title with its instructions by which Southshore was to conduct the settlement of the Subject Property.  These instructions included, in relevant part, a requirement that the Irvings, as the borrowers, deposit their own funds into a Southshore Escrow account as part of the purchase price for the Subject Property.

26.     On or about September 22, 2006, Southshore Title conducted a settlement of the sale of the Subject Property from CMS to the Irvings.  As part of the settlement, and as depicted on the HUD-1 settlement sheet, the Irvings were to provide cash in the amount of $220,240.98 towards their purchase of the Subject Property. (Attached to original Complaint as Exhibit E.)

27.     IndyMac provided its loan amount of $1,200,000.00 towards the transaction. The Irvings' initial earnest money deposit of $10,000.00 was credited towards the purchase price for the purchase of the property.

28.     After the conclusion of the settlement for the purchase of the property, IndyMac learned that despite its instruction, the Irvings failed to pay the monies called for them to pay under the settlement instructions for the HUD-1 settlement sheet.  Instead, the Irvings paid only their initial deposit of $10,000.00. Southshore Title received a wire in the amount of $220,347.00, which Southshore credited to the Irvings and noted on its records of settlement as coming from the Irvings.  The wired funds, however, were provided by Geppert.  Southshore never informed IndyMac that its instructions were not followed or received authorization that its instructions not be followed.

29.     By Deed dated September 22, 2006 and recorded with the Recorder of Deeds for the District of Columbia on November 20, 2006, CMS conveyed fee-simple title to the Subject Property to the Irvings. (Attached to original Complaint as Exhibit F.)

30.     By Deed of Trust also dated on September 22, 2006, and recorded on November 20, 2006 with the Recorder of Deeds for the District of Columbia at Instrument No. 2006156795, the Irvings conveyed a first position lien interest in the Subject Property to IndyMac. (Attached to original Complaint as Exhibit G.)

31.     At the settlement, and without the authority or knowledge of IndyMac, Southshore paid to Timothy F. Geppert a total of Seven Hundred Sixteen Thousand Thirty-Eight Dollars and Sixty-Two Cents ($716,038.62) out of the loan proceeds provided by IndyMac to the Irvings for their purchase of the Subject Property. (Disbursement Sheet attached to original Complaint as Exhibit H.)

32.     Harvey & Associates **purported to** conducted an appraisal of the Subject Property and concluded **reported** that the fair market value of the Subject Property was One Million Six Hundred Five Thousand Five Hundred Seventy-Four Dollars ($1,605,574.00). However, at the time this appraisal was issued the actual fair market value of the property was much lower.

33.     The purchase of the Subject Property and the loan application to IndyMac was actually a scheme to defraud developed by and among the defendants to entice and encourage Indy Mac to loan money to the Irvings under false pretenses.

34.     CMS and its managing member Alan R. Davis, through the cooperation and in conjunction with the Irvings, Geppert; Smith, and Fairfax Realty **and Jubilee Realty**, and Adebayo and Legacy Financial Corporation **and Harvey & Associates** created a scheme or artifice which was intended for the Irvings to acquire title to the property by representing to IndyMac that the value of the property far exceeded its actual value and thus encouraging IndyMac to loan more than the value of the property to the Irvings.  The increased proceeds were taken by or for the benefit of the Irvings, Geppert, Albert Smith, Legacy Financial and Sam Adebayo, **CMS** Corporate Management Services, and Allan R. Davis **and Harvey & Associates** for their personal or corporate benefit to the detriment of IndyMac Bank.

35.    IndyMac Bank's loan instructions, practices and procedures were put in place to permit it to properly and accurately underwrite its loan to the Irvings; however, Southshore Title failed to fulfill its responsibilities, as the settlement agent and escrow agent, to IndyMac for failing to comply with Indy Mac's lenders' instructions.

36.    The IndyMac loan to Irving is in payment default and IndyMac has initiated foreclosure proceedings.

**Count 1 – Negligence (Southshore Title)**

37.    IndyMac adopts and incorporates herein all other paragraphs set forth in this Complaint.

38.    As its settlement agent, escrow agent and title agent, Southshore owed a duty to IndyMac, as the lender, to conduct the settlement of IndyMac's loan to the Irvings in a careful, prudent, professional and workmanlike manner, including careful and prudent compliance with IndyMac's instruction that the Irvings provide all down payment and earnest money deposits.

39.    Southshore breached its duty to IndyMac by failing to conduct the settlement with an adequate level of care and workmanship.

40.    As a result of Southshore's breach of its duty to IndyMac, IndyMac has in the past, and will continue to suffer financial damages.

41.    WHEREFORE, for the reasons set forth above, Plaintiff IndyMac demands judgment against Defendant Southshore in the amount of ~~$1,200,000.00,~~ **$1,300,000.00,** plus pre-judgment interest, post-judgment interest, costs and any further relief as the Court may deem appropriate.

**Count 2 – Negligence (Harvey & Associates)**

42.    IndyMac adopts and incorporates herein all other paragraphs set forth in this Complaint.

43.    Harvey & Associates was retained to conduct an appraisal of the Subject Property for the use and benefit of IndyMac as the lender.

44.    In performing its appraisal, Harvey & Associates was obligated to exercise reasonable care and prudence, conducting its appraisal consistent with accepted practices and principles in the appraisal industry.

45.    Harvey & Associates breached the applicable standard of care and failed to conduct an adequate and proper appraisal of the Subject Property.

46.    IndyMac relied upon Harvey & Associates' appraisal to its detriment and as a result of this reliance has suffered damage.

WHEREFORE, for the reasons set forth above, Plaintiff IndyMac demands judgment against Defendant Harvey & Associates in the amount of $1,200,000.00, **$1,300,000.00,** plus pre-judgment interest, post-judgment interest, costs and any further relief as the Court may deem appropriate.

### Count 3 - Breach of Contract (Legacy)

47.    IndyMac adopts and incorporates herein all other paragraphs set forth in the Complaint.

48.    Pursuant to the terms and conditions of the Seller Contract and Addendum and subject to the terms and conditions of the Lending Guide adopted therein, Legacy submitted to IndyMac a loan to the Irvings in the principal amounts of $1,200,000.00.  This loan was secured by the Subject Property.

10

49.     In submitting the Irving loans to IndyMac, Legacy breached the representations of warranties contained in the Agreement, Addendum and the Lending Guide in that (1) the borrowers' occupancy was misrepresented and the transaction was misrepresented; the borrowers' employment and income were misrepresented; the loan was not an arms' length transaction; the borrowers' credit was misrepresented; the borrowers' assets were misrepresented; borrowers' verifications of deposit were not adequate.  IndyMac may demand that Legacy repurchase the Irving loans or indemnify IndyMac for its losses based on its violations of the Seller Contract, Addendum and the Lending Guide.

50.     Legacy failed and refused to repurchase the loans and/or indemnify IndyMac for its losses.  Legacy has breached the terms of the Seller Contract, Addendum and Lending Guide.

51.     As an approximate result of Legacy's breach of contract and including, but not limited to its failure to perform its obligations to IndyMac under the Seller Contract, Addendum and Lending Guide, IndyMac has been damaged in an amount to be proven at the time of trial but presently believed to be in excess of $1,200,000.00, plus interest, costs and attorney's fees.

WHEREFORE, for the reasons set forth above, Plaintiff IndyMac demands judgment against Defendant ~~Harvey & Associates~~ **Legacy** in the amount of $1,300,000.00, plus pre-judgment interest, post-judgment interest, costs and any further relief as the Court may deem appropriate.

### Count 4 – Negligence (Legacy and Adebayo)

52.     IndyMac adopts and incorporates herein all other paragraphs set forth in this Complaint.

53.    As a mortgage broker with a pecuniary interest in the transactions whereby IndyMac purchased the Irvings' loans, Legacy owed IndyMac a duty to act in accordance with the law and in accordance with the custom practice and standards of care of a mortgage broker. As part of this duty, Legacy owed IndyMac a duty that cannot be delegated to third parties or independent contractors.  As a further part of this duty, Legacy owed IndyMac a duty to use reasonable care under the circumstance to refrain from supplying false or inaccurate information for the guidance of IndyMac in purchasing the Irving loans.  Legacy knew or should have known that the information that they were providing to IndyMac was false or inaccurate and that this information would be used or relied upon by IndyMac in deciding to fund the loans.

54.    In breach of its duty to IndyMac, Legacy negligently provided false or inaccurate information to IndyMac concerning the transaction as well as the borrowers' income, employment, assets, down payment and occupancy.

55.    In breach of its duty to IndyMac, Legacy negligently failed to disclose material facts to IndyMac.

56.    IndyMac relied upon Legacy to conduct its business in accordance with the duty of care implied by law in the custom of the mortgage industry, causing IndyMac to believe that the information submitted by Legacy was true and had been reviewed in accordance with the Lending Guide and other standards prevalent in the mortgage industry.

57.    IndyMac has been damaged because it relied upon the proper performance by Legacy of its professional duties as a mortgage broker in making decisions to make the loans. IndyMac's damages are presently believed to be in excess of $1,200,000.00, plus interest, costs and attorney's fees.

WHEREFORE, for the reasons set forth above, Plaintiff IndyMac demands judgment against Defendant**s** **Legacy and Adebayo** ~~Harvey & Associates~~ in the amount of $1,300,000.00, plus pre-judgment interest, post-judgment interest, costs and any further relief as the Court may deem appropriate.

### Count 5 - Specific Performance (Legacy)

58.     IndyMac adopts and incorporates herein all other paragraphs set forth in this Complaint.

59.     The terms and provisions of the Seller Contract, Addendum and Lending Guide are just and reasonable as to IndyMac and Legacy in the respective obligations of IndyMac and Legacy thereunder as supported by fair and adequate consideration.  IndyMac alleges the specific performance causes of action as an alternate remedy to its cause of action at law, and, for the purpose of preserving its right to pursue alternate remedies alleges that it has no adequate remedy at law.

60.     IndyMac is entitled to a judicial decree of specific performance requiring Legacy to perform its indemnity obligations under the Seller Contract, Addendum and Guide to indemnify IndyMac for its losses incurred in connection with the Irving loans, the amount to be proven at the time of trial under the agreement, Legacy agreed to pay attorney's fees in the event that suit is commenced to enforce the agreement.  Therefore, IndyMac requests that the Court award IndyMac its attorney's fees in this matter as part of any award or judgment, plus pre-judgment interest as allowed by law.

WHEREFORE, for the reasons set forth above, Plaintiff IndyMac demands judgment against Defendant ~~Harvey & Associates~~  **Legacy** in the amount of $1,300,000.00, plus pre-

judgment interest, post-judgment interest, costs and any further relief as the Court may deem appropriate.

**Count 6 – Fraud (All Defendants)**

61.    IndyMac adopts and incorporates herein all other paragraphs set forth in this Complaint.

62.    Defendants Irvings, Geppert, Albert Smith, Fairfax Realty, **Jubilee Realty,** Legacy Financial, Adebayo, ~~Corporate Management~~, **CMS,** ~~South Shore~~ Southshore Title**, and** Davis **and Harvey & Associates**  engaged in a scheme to make it appear as though the loan transactions was much more favorable to IndyMac including that the Subject Property had value in excess of its actual fair market value and to represent to IndyMac that proceeds from the IndyMac loan were to be used for the renovation of the Subject Property when instead it was their intention to keep most of the loan proceeds for their own use.

63.    It was the intent of the Defendants that IndyMac would rely upon their false representations to conclude that the Irvings' loan application and the transaction they had together formulated was accurate and legitimate.

64.    The Irvings misrepresented the following:

a.   the value of the Subject Property on their loan application.

b.   the amount they actually paid towards their purchase of the Subject Property on the HUD-1 settlement sheet.

c.   Their monthly income.

d.   Their intent to occupy the property as a primary residence.

e.   The amount of the down payment they made.

      f.   Their credit history to the extent of the absence of reference to an automobile loan from Bank Fund Staff FCU and a credit card debt to WFFNATLBNK.

65.    Timothy Geppert actually made payments credited to the Irvings and, in support of these payments, made false representations as to the existence of and payoff amounts for false or non-existent loans which he represented that he previously made to the Irvings for which he received cash payments out of the settlement of the Subject Property;

66.    CMS and Allan Davis misrepresented the value and condition of their property to facilitate perpetuation of this improper transaction.

67.    Legacy Financial and its agent employee Adebayo gathered all improper documentation of the misrepresented loan and provided it to IndyMac representing it to be a sound and legitimate transaction which they knew was not the case.

**67.1    Harvey & Associates produced a fraudulent appraisal of the subject property which contained material misrepresentation and omissions as to the value of the property and the applicability and value of allegedly comparable properties. Harvey & Associates intended that it knew that IndyMac would rely on its misrepresentations and omissions to its detriment. IndyMac did indeed rely on such misrepresentations and omissions to its detriment.**

**67.2    Smith, for and on his own behalf and as an agent and employee of Fairfax Realty and/or Jubilee Realty, created and contributed to the scheme described herein including soliciting the Irving's participation and collaborating with the Irvings, CMS and Allan Davis and Legacy and Adebeyo to acquire and provide the false and fraudulent information and to provide material misrepresentations of fact described herein to further this fraudulent scheme.**

68.    All Defendants acted with the specific intent to defraud and deceive IndyMac.

69.    IndyMac relied upon each of the Defendants' misrepresentations **and omissions** and as a result of this reliance has suffered damage.

WHEREFORE, for the reasons set forth above, Plaintiff respectfully demands a judgment against Defendants Irvings, **Southshore,** Geppert, Albert Smith, Fairfax Realty, **Jubilee Realty,** Legacy Financial, Adebayo, Corporate Management**,** ~~and~~ Davis **and Harvey & Associates** in the amount of ~~$1,200,000.00~~ **$1,300,000.00** in compensatory damages and punitive damages in the amount of $2,000,000.00; plus pre-judgment interest, post-judgment interest, costs and any further relief as the Court may deem appropriate.

## Count 7 – Civil Conspiracy (All Defendants)

70.    IndyMac adopts and incorporates herein all other paragraphs set forth in this Complaint.

71.    All Defendants engaged in conduct described in this Complaint as part of a common scheme to defraud IndyMac.

72.    Each Defendant agreed, explicitly or tacitly, to commit the fraud described herein.

73.    Plaintiff was harmed as a result of this conspiracy.

74.    The Defendants **each** committed unlawful overt acts in furtherance of their common scheme to commit fraud.

75.    Defendants' conduct was egregiously committed with malice and willful and wanton disregard of the Plaintiff's rights warranting imposition of punitive damages.

WHEREFORE, for the reasons set forth above, Plaintiff IndyMac demands judgment against **all** Defendants in the amount of $1,300,000.00, punitive damages in the amount of $2,000,000.00, plus pre-judgment interest, post-judgment interest, costs and any further relief as the Court may deem appropriate.

COUNCIL, BARADEL,<br>
KOSMERL & NOLAN, P.A.

Date:  October 22, 2007

By:    _/s/MICHAEL N. RUSSO, JR._
Michael N. Russo, Jr.
D.C. Bar No. 424712
Michael S. Steadman, Jr.
D.C. Bar No. 502347
125 West Street, 4th Floor
Post Office Box 2289
Annapolis, Maryland 21404-2289

Annapolis:  (410) 268-6600
Baltimore:  (410) 269-6190
Washington: (301) 261-2247

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

INDYMAC BANK, F.S.B.

     Plaintiff

     v.                            Case No.: 1-07-cv 01678 (RWR)

LEMARCOS A. IRVING, et al.

     Defendants

_____

# ORDER GRANTING LEAVE FOR FILING A FIRST AMENDED COMPLAINT

     Plaintiff's Motion for Leave to File First Amended Complaint and any responses or replies thereto having been read and considered and this Court having determined that leave is appropriate, it is this _____ day of _____, 2007, by the United States District Court for the District of Columbia,

     ORDERED, that the Motion be, and the same hereby is, GRANTED; and it is further,

     ORDERED, that pursuant to Local Civil Rule 7(i) the First Amended Complaint appended to the Motion for Leave as an Exhibit is deemed filed and served on the date on which this Order is entered; and it is further,

     ORDERED, that the Clerk of the Court shall issue a Summons as to Defendant Jubilee Realty and Associates, L.L.C., a newly-added Defendant in the above-entitled action.

                                        _____
                                        District Judge Richard W. Roberts

Copies to:

Michael N. Russo, Jr., Esq.
COUNCIL, BARADEL, KOSMERL & NOLAN, P.A.
125 West St., 4th Flr., P.O. Box 2289
Annapolis, MD  21404-2289

Douglas Richard Taylor, Esq.
P.O. Box 4566
Rockville, MD  20850

Jan E. Simonson, Esq.
CARR MALONEY PC
1615 L St., N. W., Ste. 500
Washington, D.C.  20036

Larry E. Becker, Esq.
BECKER, KELLOGG & BERRY, P.C.
5501 Backlick Rd., Ste. 200
Springfield, VA  22151

Sean M. Hanifin, Esq.
ROSS, DIXON & BELL
2001 K Street, N. W.
Washington, D.C  20006

Matthew W. Carlson, Esq.
THOMPSON & O'DONNELL, LLP
1212 New York Ave., N.W., Ste. 1000
Washington, D.C.  20005

Mr. Lemarcos A. Irving
5755 Oak Forest Court
Indian Head, MD  20640

Ms. Nina Q. Irving
5755 Oak Forest Court
Indian Head, MD  20640

SOUTHSHORE TITLE & ESCROW, INC.
Resident Agent:  Hofdahl, Inc.
7019 Backlick Court
Springfield, VA  22151

FAIRFAX REALTY, INC.

Resident Agent: David P. Michalski
103 W. Broad St., Ste. 400
Falls Church, VA  22046

Mr. Albert Smith
4140 Ferry Landing Rd.
Dunkirk, MD  20754

LEGACY FINANCIAL CORPORATION
Resident Agent:  Gary M. Gertier
9617 Eldwick Way
Potomac, MD  20854

Mr. Samuel Adebayo
7811 Montrose Road, Ste. 501
Rockville, MD  20854

CORPORATE MANAGEMENT SERVICES, INC.
Resident Agent:  Alan R. Davis
1400 Spring St., Ste. 415
Silver Spring, MD  20910

Mr. Alan R. Davis
1400 Spring St., Ste. 415
Silver Spring, MD  20910