UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INDYMAC BANK, F.S.B.            :

      Plaintiff,            :

v.                              :   Civil Action No.:1-07-cv-01678(RWR)

LEMARCOS A. IRVING, *et al.*    :

      Defendants.          :

## DEFENDANT HARVEY & ASSOCIATES' AMENDED MOTION TO DISMISS

COMES NOW, Defendant, Harvey & Associates ("Defendant"), by counsel, CARR MALONEY P.C., and hereby files this Amended[1] Motion to Dismiss requesting that this Court dismiss Defendant from this case. In further support of this motion, Defendant incorporates its attached Memorandum of Points and Authorities.

WHEREFORE, Defendant Harvey & Associates moves that this Court grant its Motion to Dismiss all claims against it.

                                                Respectfully submitted,

                                                CARR MALONEY P.C.

By:     /S/ Jan E. Simonsen
       Jan E. Simonsen, #417928
       1615 L Street, N.W.
       Suite 500
       Washington, D.C. 20036
       (202) 310-5500 (Telephone)
       (202) 310-5555 (Facsimile)

---

[1] On or about October 15, 2007, Defendant filed essentially the same Motion to Dismiss. After filing, it was brought to undersigned counsel's attention that 12 USC § 1464 was amended so as to give Federal Savings Banks ("FSB") citizenship in the state in which the FSB maintains its home office. In light of this amendment, Defendant is obligated to remove from its Motion to Dismiss the argument that claims Plaintiff cannot claim diversity of citizenship. The Motion, along with the accompanying Amended Memorandum of Points and Authorities, has been corrected and is hereby submitted to this Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Defendant Harvey & Associates' Amended Motion To Dismiss* was served electronically and mailed, first class, postage pre-paid, on this 25th day of October, 2007 to:

>Michael N. Russo, Jr.
>Michael S. Steadman, Jr.
>125 West Street
>4th Floor
>P.O. Box 2289
>Annapolis, MD 21404-2289
>
>Larry E. Becker, Esq.
>5501 Backlick Road, Suite 220
>Springfield, Virginia 22151
>
>Matthew W. Carlson, Esq.
>Thompson O'Donnell, LLP
>1212 New York Ave., N.W.
>Suite 1000
>Washington, D.C. 20005
>
>Douglas R. Taylor, Esq
>P.O. Box 4566
>Rockville, MD 20850
>
>Lemarcos A. Irving
>5755 Oak Forest Court
>Indian Head, Maryland 20640
>
>Nina Q. Irving
>5755 Oak Forest Court
>Indian Head, Maryland 20640
>
>Southshore Title & Escrow, Inc.
>Resident Agent: Hofdahl, Inc.
>3521 Barkley Drive
>Fairfax, Virginia 22031
>
>Albert Smith
>4140 Ferry Landing Road
>Dunkirk, MD 20754

Legacy Financial Corporation
Resident Agent: Gary M. Gertier
9617 Eldwick Way
Potomac, Maryland 20854

Samuel Adebayo
7811 Montrose Road
Ste. 501
Rockville, Maryland 20854

Corporation Management Services, Inc.
Resident Agent: Alan R. Davis
1400 Spring St.
Ste. 415
Silver Spring, Maryland 20910

Alan R. Davis
1400 Spring St.
Ste. 415
Silver Spring, Maryland 20910


       /S/ Jan E. Simonsen
       Jan E. Simonsen

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

INDYMAC BANK, F.S.B.                :

      Plaintiff,               :

v.                                  :   Civil Action No.:1-07-cv-01678(RWR)

LEMARCOS A. IRVING, *et al.*        :

      Defendants.              :

**DEFENDANT HARVEY & ASSOCIATES' AMENDED**
**MEMORANDUM SUPPORTING ITS AMENDED MOTION TO DISMISS**

COMES NOW the Defendant, William A. Harvey & Associates, Inc. ("Harvey"), by and through its counsel, Carr Maloney P.C. and for its Amended Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), states as follows:

**Lack of Subject Matter Jurisdiction**

1.     Standard for Dismissal

Pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(h)(3), the standard remedy for failure to satisfy subject matter jurisdiction is dismissal of the claim.[1] A complaint may adequately allege the presence of federal subject matter jurisdiction, but if the actual facts and allegations before the court belie that averment, then the court must confirm that federal jurisdiction is absent, compelling the dismissal of the case.[2]

---

[1] Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (first responsibility of court is to determine jurisdiction; if jurisdiction is lacking, court should dismiss without addressing merits); Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

[2] *See* Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939).

When a defendant challenges subject matter jurisdiction, the plaintiff (as the party asserting the existence of jurisdiction) must bear the burden of establishing jurisdiction.[3] In diversity cases, the party must demonstrate complete diversity of citizenship[4] and a claim that in good faith exceeds $75,000, exclusive of interest and costs.[5]

On a facial challenge to subject matter jurisdiction, the defendant contests that the pleader adequately and formally averred the basis for jurisdiction in federal court; if the pleader fails to do so, the pleading can be dismissed.[6] In evaluating facial subject matter jurisdiction attacks, the court ordinarily construes the complaint liberally, accepts all uncontroverted, well-pleaded factual allegations as true, and views all reasonable inferences in plaintiff's favor.[7] The court views the allegations as a whole; if a conclusory averment of subject matter jurisdiction is contradicted by other allegations in the pleading, the case may be dismissed.[8] Whether subject matter jurisdiction exists is tested as of the date the lawsuit was filed.[9]

2. <u>Facial Deficiencies in the Complaint</u>

The Plaintiff failed to adequately aver the basis for jurisdiction in federal court in its Complaint, and the Complaint must therefore be dismissed. Even construing the Complaint

---

[3] *See* Thomson v. Gaskill, 314 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951 (1942); Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992).

[4] 28 U.S.C. § 1332; *see* City of Indianapolis v. Chase Nat'l. Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941).

[5] 28 U.S.C. § 1332; *see* St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938) (ruling that dismissal is only proper where it appears, to a "legal certainty", that claim is truly for less than the jurisdictional amount). Satisfaction of the jurisdictional amount requirement is not an issue that is presently being challenged in this case.

[6] *See* Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939).

[7] *See* Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

[8] *See* Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939).

[9] *See* Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 574, 124 S.Ct. 1920, 1925, 158 L.Ed.2d 866 (2004); Conolly v. Taylor, 27 U.S. (2 Pet.) 556, 7 L.Ed. 518 (1829) (Marshall, C.J.).

liberally for the purposes of evaluating whether the basis for federal jurisdiction was adequately alleged, accepting all uncontroverted, well-pleaded factual allegations as true, and viewing all reasonable inferences in favor of the Plaintiff, this Court cannot find that the Complaint properly alleges a basis for federal diversity jurisdiction.

In order to demonstrate complete diversity of citizenship, it is self-evident that the Complaint must allege facts to support a finding of citizenship for each party to the action. The Complaint in the instant case fails to make any allegations pertaining to citizenship for Defendant Harvey. While the Complaint lists factors commonly used to determine citizenship for each other party to the litigation, the "**Parties**" section of the Complaint completely omits any mention of Defendant Harvey, and thereby fails to allege any jurisdictional facts with respect to Defendant Harvey. No allegations relevant to a determination of Defendant Harvey's citizenship are contained within the remainder of the Complaint, which must therefore be dismissed as fatally defective on its face for failure to make the averments necessary for a finding of federal diversity jurisdiction.

3. Conclusion

The Complaint itself cannot facially support a finding of subject matter jurisdiction, as it fails to properly allege facts necessary to a finding of complete diversity. Therefore, Plaintiff's Complaint fails to state sufficient facts to establish jurisdiction of this Court over the subject matter of this action by virtue of its facial deficiencies. Plaintiff's Complaint should thus be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

**Failure to State a Cause of Action Against Defendant Harvey**

4. Standard for Dismissal

A motion filed pursuant to Fed. R. Civ. P. 12(b) generally and Fed. R. Civ. P. 12(b)(6) specifically tests the legal sufficiency of a complaint: dismissal is inappropriate unless the

3

"plaintiff can prove no set of facts in support of his claims which would entitle him to relief."[10] The Court will accept the plaintiff's factual allegations as true and construe the complaint "liberally," "granting plaintiff the benefit of all inferences that can be derived from the facts alleged."[11] The Court need not, however, accept inferences that are unsupported by the facts set out in the complaint, nor will it accept legal conclusions cast in the form of factual allegations.[12] At the Rule 12(b)(6) stage, the Court does not assess "the truth of what is asserted or determine whether a plaintiff has any evidence to back up what is in the complaint."[13]

   5. Analysis of the Complaint

The insufficiencies apparent in the Complaint occur throughout its entirety, beginning with the designation of the parties. As previously noted, while Defendant Harvey is noted as a defendant in the caption for the Complaint (which the Defendant can only assume is what enabled service to be perfected), Defendant Harvey is not listed as a party anywhere within the paragraphs comprising the **"Parties"** section of the Complaint, and no allegation is made as to: (1) the type of corporate entity which Defendant Harvey has adopted; (2) the location of Defendant Harvey's principal place of business or other factors permitting a judgment on citizenship; or (3) the type of business in which Defendant Harvey is engaged. While this specific omission is not fatal to analysis of the Complaint's failure to state a claim against Defendant Harvey (although it is fatal to the subject matter jurisdiction of this Court), it is indicative of the

---

[10] Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See* Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

[11] Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

[12] Id. at 1275. *See* Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002), citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1357, at 347-48 (2d ed. 1990) (explaining that Fed. R. Civ. P. 12(b)(6) dismissal is appropriate where the allegations contradict the claim asserted, e.g., where the allegations in an action for negligence showed that the plaintiff's own negligence was the sole proximate cause of the injury).

[13] ACLU Found. of S. Cal. v. Barr, 952 F.2d 457, 467 (D.C. Cir. 1991).

oversights with which the Complaint is fraught.

It is further worth noting that Defendant Harvey is only specifically mentioned twice in the "**Facts Common to All Counts**" portion of the Complaint. The two factual allegations regarding Defendant Harvey, ¶ 23 and ¶ 32, are brief enough that they are worth repeating in this space for ease of reference:

23. William C. Harvey & Associates, Inc. ("Harvey & Associates") conducted an appraisal of the Subject Property at the request of and for the benefit of IndyMac in order that IndyMac might examine and underwrite this prospective loan to the Irvings.

32. Harvey & Associates conducted an appraisal of the Subject Property and concluded that the fair market value of the Subject Property was One Million Six Hundred Five Thousand Five Hundred Seventy-Four Dollars ($1,605,574.00). However, at the time this appraisal was issued the actual fair market value of the property was much lower.

    a. *Count 3 - Breach of Contract (Legacy)*

In Count 3 of the Complaint, the Plaintiff alleges Breach of Contract against Defendant Legacy Financial Corporation ("Legacy"). To support this claim, the Plaintiff alleges specific facts that may or may not satisfy the Plaintiff's burden with respect to Defendant Legacy. However, no allegations within Count 3 even mention Defendant Harvey. Further, neither of the allegations contained in ¶ 23 or ¶ 32 support a finding against Defendant Harvey on the basis of Defendant Legacy's alleged breach of contract.

That absence of factual support notwithstanding, the Plaintiff concludes Count 3 of the Complaint by demanding judgment against Defendant Harvey, **not** Defendant Legacy, in the amount of $1,200,000.00, plus interest, costs, and attorney's fees. While Defendant Harvey can only presume that this was a simple substitution error on the part of the Plaintiff, it must nonetheless move this Court to dismiss Count 3 for failure to state a claim against Defendant

5

Harvey. As the Court need not accept any unsupported inferences or legal conclusions set out as factual allegations in the Complaint, the Court must dismiss Count 3 with respect to Defendant Harvey.

    b. *Count 4 - Negligence (Legacy and Adebayo)*

In Count 4 of the Complaint, the Plaintiff alleges Negligence against Defendant Legacy and Defendant Samuel Adebayo ("Adebayo"). To support this claim, the Plaintiff alleges specific facts that may or may not satisfy the Plaintiff's burden with respect to Defendants Legacy and Adebayo. However, no allegations within Count 4 even mention Defendant Harvey. Further, neither of the allegations contained in ¶ 23 or ¶ 32 support a finding against Defendant Harvey on the basis of Defendant Legacy's and Adebayo's negligence

That absence of factual support notwithstanding, the Plaintiff concludes Count 4 of the Complaint by demanding judgment against Defendant Harvey, **not** Defendant Legacy, in the amount of $1,300,000.00, plus interest, costs, and attorney's fees. While Defendant Harvey can only presume that this was a simple substitution error on the part of the Plaintiff, it must nonetheless move this Court to dismiss Count 4 for failure to state a claim against Defendant Harvey. As the Court need not accept any unsupported inferences or legal conclusions set out as factual allegations in the Complaint, the Court must dismiss Count 4 with respect to Defendant Harvey.

    c. *Count 5 - Specific Performance (Legacy)*

In Count 5 of the Complaint, the Plaintiff demands a judicial decree of Specific Performance against Defendant Legacy. To support this claim, the Plaintiff alleges specific facts that may or may not satisfy the Plaintiff's burden with respect to Defendant Legacy. However, no allegations within Count 5 even mention Defendant Harvey. Further, neither of the allegations contained in ¶ 23 or ¶ 32 support a finding against Defendant Harvey on the basis of a demand

6

for a judicial decree of specific performance against Defendant Legacy.

That absence of factual support notwithstanding, the Plaintiff concludes Count 5 of the Complaint by demanding judgment against Defendant Harvey, **not** Defendant Legacy, in the amount of $1,300,000.00, plus interest, costs, and attorney's fees. While Defendant Harvey can only presume that this was a simple substitution error on the part of the Plaintiff, it must nonetheless move this Court to dismiss Count 5 for failure to state a claim against Defendant Harvey. As the Court need not accept any unsupported inferences or legal conclusions set out as factual allegations in the Complaint, the Court must dismiss Count 5 with respect to Defendant Harvey.

d. *Count 6 - Fraud (All Defendants)*

In Count 6 of the Complaint, the Plaintiff alleges Fraud against all defendants, but fails to make any mention of Defendant Harvey whatsoever. This includes a failure to mention Defendant Harvey in either the supporting facts set forth in Count 6 and a failure to include Defendant Harvey in its demand for judgment under Count 6.

Fed. R. Civ. P. 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud and mistake shall be stated with particularity. With no particular allegation made as to Defendant Harvey, Count 6 of the Complaint cannot survive the particularity requirement expressed in Fed. R. Civ. P. 9(b) with respect to Defendant Harvey. Therefore, Defendant Harvey must move this Court to dismiss Count 6 for failure to state a claim against Defendant Harvey. As the Court need not accept any unsupported inferences or legal conclusions set out as factual allegations in the Complaint, the Court must dismiss Count 6 with respect to Defendant Harvey.

7

### e. *Count 7 - Civil Conspiracy (All Defendants)*

In Count 7 of the Complaint, the Plaintiff alleges that all defendants engaged in a civil conspiracy, or "a common scheme to defraud IndyMac." See Complaint ¶ 71. While unlike the other counts previously noted, the Plaintiff's allegations in Count 7 actually match both its caption and the Plaintiff's demand for judgment, Count 7 must nonetheless be dismissed for failure to state a claim against Defendant Harvey.

The D.C. Circuit has long held that civil conspiracy is not a separate cause of action, but rather an independent means of establishing liability of underlying torts.[14] In this case, the Plaintiff is basing its civil conspiracy claim on the premise that all defendants engaged in "a common scheme to defraud" the Plaintiff. However, as discussed above, in reference to Count 6, the Plaintiff has absolutely failed to make any tenable claim for fraud against Defendant Harvey. No factual allegations anywhere within the Complaint support this conclusion. In addition, as dictated by Fed. R. Civ. P. 9(b), fraud must be pleaded with particularity. In the absence of any particular allegations linking Defendant Harvey to the purported fraud, this Court must dismiss Count 7 with respect to Defendant Harvey for failure to state a claim against the Defendant.

WHEREFORE, Defendant Harvey requests that the Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and that Counts 3, 4, 5, 6, and 7 be dismissed for failure to state a cause of action under Fed. R. Civ. P. 12(b)(6).

**WILLIAM A. HARVEY & ASSOCIATES, INC.**
By Counsel

---

[14] Browning v. Clinton, 292 F.3d 235, *citing* Halberstam v. Welch, 705 F.2d 472, 479 (D.C. Cir. 1983).

BECKER, KELLOGG & BERRY, P.C.


//S// Larry E. Becker                                    Dated this 25th day of October 2007.
Larry E. Becker, Esq., D.C. Bar No. 288506
5501 Backlick Road, Suite 220
Springfield, Virginia 22151
Phone: (703) 256-1300
Fax:    (703) 256-3467
Attorney for Defendant William A. Harvey & Associates, Inc.



CARR MALONEY P.C.


//S// Jan E. Simonsen                                    Dated this 25th day of October 2007.
Jan E. Simonsen, Esq., D.C. Bar No.: 417928
1615 L Street, N.W.
Suite 500
Washington, D.C. 20036
Attorney for Defendant William A. Harvey & Associates, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INDYMAC BANK, F.S.B.            :

      Plaintiff,               :

v.                              :   Civil Action No.:1-07-cv-01678(RWR)

LEMARCOS A. IRVING, *et al.*    :

      Defendants.              :

## ORDER

Upon consideration of Defendant, William A. Harvey & Associates, Inc.'s Amended Motion to Dismiss, and any opposition thereto, it is by this Honorable Court, this _____ day of _____, 2007

ORDERED, that said Amended Motion be, and the same hereby is GRANTED; and it is further

ORDERED, that the Complaint filed herein be dismissed with prejudice as to Defendant, William A. Harvey & Associates, Inc.

                                                                                            Judge Richard W. Roberts

cc:    Jan E. Simonsen, Esquire
Carr Maloney P.C.
1615 L Street, N.W.
Suite 500
Washington, D.C. 20036

Larry E. Becker, Esquire
5501 Backlick Road, Suite 220
Springfield, Virginia 22151

Michael N. Russo, Jr., Esquire
Council, Baradel, Kosmerl & Nolan, P.A.
125 West St., 4th Floor
P.O. Box 2289
Annapolis, Maryland 21404

Matthew W. Carlson, Esq.
Thompson O'Donnell, LLP
1212 New York Ave., N.W.
Suite 1000
Washington, D.C. 20005

Douglas R. Taylor, Esq
P.O. Box 4566
Rockville, MD 20850

Lemarcos A. Irving
5755 Oak Forest Court
Indian Head, Maryland 20640

Nina Q. Irving
5755 Oak Forest Court
Indian Head, Maryland 20640

Southshore Title & Escrow, Inc.
Resident Agent: Hofdahl, Inc.
3521 Barkley Drive
Fairfax, Virginia 22031

Albert Smith
4140 Ferry Landing Road
Dunkirk, MD 20754

2

Legacy Financial Corporation
Resident Agent: Gary M. Gertier
9617 Eldwick Way
Potomac, Maryland 20854

Samuel Adebayo
7811 Montrose Road
Ste. 501
Rockville, Maryland 20854

Corporation Management Services, Inc.
Resident Agent: Alan R. Davis
1400 Spring St.
Ste. 415
Silver Spring, Maryland 20910

Alan R. Davis
1400 Spring St.
Ste. 415
Silver Spring, Maryland 20910