IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INDYMAC BANK, F.S.B. | * | |
|     Plaintiff | * | |
| v. | * | Case No.: 1-07-cv 01678 (RWR) |
| LEMARCOS A. IRVING, et al. | * | |
|     Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S OPPOSITION TO DEFENDANT
HARVEY & ASSOCIATES' MOTION TO DISMISS
AND ITS AMENDED MOTION TO DISMISS**

Plaintiff IndyMac Bank, FSB, by and through its attorneys, Council, Baradel, Kosmerl and Nolan, P.A., and Michael N. Russo, Jr., hereby offers this Opposition to Defendant Harvey & Associates' Motion to Dismiss and its Amended Motion to Dismiss, and therefore states as follows:

**RELEVANT PROCEDURAL HISTORY**

On September 21, 2007, Plaintiff IndyMac Bank, FSB ("Plaintiff IndyMac") filed its Complaint with this Court. On September 28, 2007, Defendant William C. Harvey & Associates, Inc. ("Defendant Harvey & Associates") was served with notice of this action. On October 15, 2007, Defendant Harvey & Associates filed a Motion to Dismiss with this Court alleging lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. On October 22, 2007, Plaintiff IndyMac filed a Motion for Leave to File a First Amended Complaint, with the First Amended Complaint attached as an Exhibit. On October 25, 2007, Harvey & Associates amended its Motion to Dismiss. Plaintiff IndyMac hereby files this

1

Opposition to Defendant Harvey & Associates' Motion to Dismiss and its Amended Motion to Dismiss and requests that this Court deny Defendants Motions.

## ARGUMENT

### I. Diversity Jurisdiction is Present and this Court has Subject Matter Jurisdiction in this Case

Defendant Harvey & Associates premises the majority of its first Motion to Dismiss on lack of subject matter jurisdiction. In its first Motion to Dismiss Defendant Harvey & Associates suggests that Plaintiff IndyMac is a Federal Savings Bank and therefore unable to hold diversity jurisdiction. After Defendant Harvey & Associates filed its Motion to Dismiss, the undersigned counsel for Plaintiff IndyMac contacted counsel for the Defendant to inform her that a statute is in place giving diversity jurisdiction to a Federal Savings Bank. In its Amended Motion to Dismiss, Defendant Harvey & Associates recognizes in footnote 1 that its original position is no longer valid law. However, in its Amended Motion to Dismiss, Defendant Harvey & Associates continues to suggest that this Court does not have subject matter jurisdiction over this case because there is no diversity.

Defendant Harvey & Associates suggests that Plaintiff IndyMac does not demonstrate complete diversity of citizenship. Defendant Harvey & Associates fails to recognize several points. First, Defendant Harvey & Associates knows that its principal place of business is in Virginia. Thus, while technically accurate, that Plaintiff IndyMac does not specifically allege in its Complaint the jurisdiction of Defendant Harvey & Associates, this is a matter of form over substance. Second, Plaintiff IndyMac presents the principle place of business for Harvey & Associates in Virginia in the caption of the Complaint where Harvey & Associates is mentioned as a named defendant. As Defendant Harvey & Associates states, the Court must view all reasonable inferences in favor of the Plaintiff. Therefore, taking the Complaint as a whole,

Plaintiff IndyMac did allege the principle place of business of Defendant Harvey & Associates, that of Virginia. Lastly, and most importantly, Defendant Harvey & Associates fails to bring to this Court's attention in its Amended Motion to Dismiss that Plaintiff IndyMac has a Motion for Leave to Amend Complaint pending with this Court to file a First Amended Complaint. The First Amended Complaint includes a new paragraph specifically alleging the principle place of business for Defendant Harvey & Associates as Virginia.

Considering the above, diversity jurisdiction is sufficiently alleged and this Court has jurisdiction over this case. Therefore, this Court should not dismiss Plaintiff IndyMac's Complaint.

## II. Errors in Complaint have been remedied

Defendant Harvey & Associates' requested relief in its Motion to Dismiss and Amended Motion to Dismiss, requests that this Court dismiss the Complaint in its entirety with prejudice as the Complaint pertains to Defendant Harvey & Associates. Defendant Harvey & Associates' requested relief, dismissal of all counts with prejudice, is extraordinary and inappropriate in this case for the reasons that follow:

### Count 2 – Negligence (Harvey & Associates)

Defendant Harvey & Associates does not allege any deficiencies with regard to Count 2 of Plaintiff IndyMac's Complaint or First Amended Complaint. Count 2 of the Complaint and First Amended Complaint set forth a negligence claim against Defendant Harvey & Associates. Accordingly, Defendant Harvey & Associates' Motion to Dismiss and proposed Order seeking dismissal of all counts of the Complaint with prejudice is inappropriate. Therefore, this Court should not dismiss Count 2, or the remaining Counts, as they apply to Defendant Harvey & Associates.

### Counts 3 (Breach of Contract – Legacy), 4 (Negligence – Legacy and Adebayo), and 5 (Specific Performance – Legacy)

Defendant Harvey & Associates notes in its "Analysis of the Complaint" that there are insufficiencies in Plaintiff IndyMac's Complaint. Plaintiff IndyMac admits that there were unfortunately typographical errors within the Complaint. On October 22, 2007, Plaintiff IndyMac filed with this Court, a Motion for Leave to Amend the Complaint, with the First Amended Complaint attached. The First Amended Complaint remedies the typographical errors that were in the Complaint. More specifically, the addendums in Counts 3, 4 and 5, have been amended to include Defendant Legacy, and to remove Defendant Harvey & Associates. Plaintiff IndyMac hereby incorporates herein in its entirety the First Amended Complaint. Accordingly, it is inappropriate that this Court dismiss these Counts with prejudice.

### Count 6 (Fraud – All Defendants) and Count 7 (Civil Conspiracy – All Defendants)

Plaintiff IndyMac's Complaint alleges that all Defendants participated in a fraudulent scheme. With all inferences taken in favor of the Plaintiff IndyMac, the Complaint is sufficient. Nevertheless, Plaintiff IndyMac's First Amended Complaint includes additional allegations with more particularity as to Count 6, the fraud allegation. Counsel for the Defendant Harvey & Associates is aware of the Motion for Leave to file the First Amended Complaint, but fails to bring to this Court's attention Plaintiff IndyMac's proposed amendments in the First Amended Complaint. The Complaint and the First Amended Complaint adequately allege that Defendant Harvey & Associates fraudulently participated in a scheme to provide false and misleading information regarding the value of property with the intent to cause Plaintiff IndyMac to make a loan to other conspirators which would not have been otherwise made. With regard to Count 7, Civil Conspiracy, as the fraud allegations have been plead with particularity, the Civil

Conspiracy Count is addressed. Accordingly, this Court should not dismiss Count 6 and 7 with prejudice as they apply Defendant Harvey & Associates.

### Defendant Harvey & Associates' Relief Requested is Inappropriate

As stated above, Defendant Harvey & Associates has not moved to dismiss Count 2, the Negligence allegation, except as to request in a general manner that this Court dismiss the Count. Accordingly, there is no basis to forever foreclose Plaintiff IndyMac from making such allegations as to Defendant Harvey & Associates. With regard to Count 6, Fraud and 7, Civil Conspiracy, these Counts were adequately plead in the Complaint, but plead with further particularity in the First Amended Complaint.

Defendant Harvey & Associates seeks a dismissal of all Counts with prejudice which is extraordinary and inappropriate. The request for a dismissal with prejudice is a final adjudication for relief. Defendant Harvey & Associates does not present a sufficient basis for this Court to dismiss all Counts as to Defendant Harvey & Associates. This Court should not dismiss with prejudice all counts of the Complaint as they apply to Defendant Harvey & Associates.

### CONCLUSION

Pursuant to 28 U.S.C.A. § 1332, 12 U.S.C.A. § 1462 and 1464, diversity of citizenship exists among the parties. Accordingly, this Court should not dismiss the Complaint for lack of subject matter jurisdiction.

Plaintiff IndyMac filed with this Court a Motion for Leave to Amend Complaint with the First Amended Complaint attached. The First Amended Complaint remedies the typographical errors that were present in the Complaint and is now sufficient for Defendant Harvey & Associates to provide an Answer. The First Amended Complaint was filed less than four weeks

after the original Complaint. There is no prejudice against the parties by this Court granting the Motion for Leave to File the First Amended Complaint. For the reasons stated herein, this Court should not dismiss Plaintiff IndyMac's Complaint.

**WHEREFORE**, for the reasons set forth above, Plaintiff IndyMac Bank, F.S.B., respectfully requests that this Court, enter an Order denying Defendant Harvey & Associates' Motion to Dismiss and its Amended Motion to Dismiss, and grant any such further relief as this Court deems appropriate.

COUNCIL, BARADEL,
KOSMERL & NOLAN, P.A.

Date: October 29, 2007

By: /s/*MICHAEL N. RUSSO, JR.*
Michael N. Russo, Jr.
D.C. Bar No. 424712
Michael S. Steadman, Jr.
D.C. Bar No. 502347
125 West Street, 4th Floor
Post Office Box 2289
Annapolis, Maryland 21404-2289

Annapolis: (410) 268-6600
Baltimore: (410) 269-6190
Washington: (301) 261-2247

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 29, 2007, a copy of the foregoing document was mailed, first class postage prepaid or by electronic transmission through ECF, to:

Douglas Richard Taylor, Esq.
P.O. Box 4566
Rockville, MD 20850

Jan E. Simonson, Esq.
CARR MALONEY PC
1615 L St., N. W., Ste. 500
Washington, D.C. 20036

Larry E. Becker, Esq.
BECKER, KELLOGG & BERRY, P.C.
5501 Backlick Rd., Ste. 200
Springfield, VA 22151

Sean M. Hanifin, Esq.
ROSS, DIXON & BELL
2001 K Street, N. W.
Washington, D.C 20006

Matthew W. Carlson, Esq.
THOMPSON & O'DONNELL, LLP
1212 New York Ave., N.W., Ste. 1000
Washington, D.C. 20005

Mr. Lemarcos A. Irving
5755 Oak Forest Court
Indian Head, MD 20640

Ms. Nina Q. Irving
5755 Oak Forest Court
Indian Head, MD 20640

SOUTHSHORE TITLE & ESCROW, INC.
Resident Agent: Hofdahl, Inc.
7019 Backlick Court
Springfield, VA 22151

FAIRFAX REALTY, INC.
Resident Agent: David P. Michalski
103 W. Broad St., Ste. 400
Falls Church, VA 22046

Mr. Albert Smith
4140 Ferry Landing Rd.
Dunkirk, MD 20754

LEGACY FINANCIAL CORPORATION
Resident Agent: Gary M. Gertier
9617 Eldwick Way
Potomac, MD 20854

Mr. Samuel Adebayo
7811 Montrose Road, Ste. 501
Rockville, MD 20854

CORPORATE MANAGEMENT SERVICES, INC.
Resident Agent: Alan R. Davis
1400 Spring St., Ste. 415
Silver Spring, MD 20910

Mr. Alan R. Davis
1400 Spring St., Ste. 415
Silver Spring, MD 20910

/s/MICHAEL N. RUSSO, JR.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INDYMAC BANK, F.S.B. | * | |
| Plaintiff | * | |
| v. | * | Case No.: 1-07-cv 01678 (RWR) |
| LEMARCOS A. IRVING, et al. | * | |
| Defendants | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## ORDER DENYING DEFENDANT HARVEY & ASSOCIATES'
## MOTION TO DISMISS AND AMENDED MOTION TO DISMISS COMPLAINT

Plaintiff's Opposition to Defendant Harvey & Associates' Motion to Dismiss and Amended Motion to Dismiss, any responses or replies thereto having been read and considered, and this Court having determined that the Motion to Dismiss and the Amended Motion to Dismiss is not appropriate, it is this _____ day of _____, 2007, by the United States District Court for the District of Columbia,

**ORDERED**, that Defendant Harvey & Associates' Motion to Dismiss and its Amended Motion to Dismiss, be, and the same hereby is, **DENIED**.

_____
District Judge Richard W. Roberts

Copies to:

Michael N. Russo, Jr., Esq.
COUNCIL, BARADEL, KOSMERL & NOLAN, P.A.
125 West St., 4th Flr., P.O. Box 2289
Annapolis, MD 21404-2289

1

Douglas Richard Taylor, Esq.
P.O. Box 4566
Rockville, MD  20850

Jan E. Simonson, Esq.
CARR MALONEY PC
1615 L St., N. W., Ste. 500
Washington, D.C.  20036

Larry E. Becker, Esq.
BECKER, KELLOGG & BERRY, P.C.
5501 Backlick Rd., Ste. 200
Springfield, VA  22151

Sean M. Hanifin, Esq.
ROSS, DIXON & BELL
2001 K Street, N. W.
Washington, D.C  20006

Matthew W. Carlson, Esq.
THOMPSON & O'DONNELL, LLP
1212 New York Ave., N.W., Ste. 1000
Washington, D.C.  20005

Mr. Lemarcos A. Irving
5755 Oak Forest Court
Indian Head, MD  20640

Ms. Nina Q. Irving
5755 Oak Forest Court
Indian Head, MD  20640

SOUTHSHORE TITLE & ESCROW, INC.
Resident Agent:  Hofdahl, Inc.
7019 Backlick Court
Springfield, VA  22151

FAIRFAX REALTY, INC.
Resident Agent: David P. Michalski
103 W. Broad St., Ste. 400
Falls Church, VA  22046

Mr. Albert Smith
4140 Ferry Landing Rd.
Dunkirk, MD 20754

LEGACY FINANCIAL CORPORATION
Resident Agent: Gary M. Gertier
9617 Eldwick Way
Potomac, MD 20854

Mr. Samuel Adebayo
7811 Montrose Road, Ste. 501
Rockville, MD 20854

CORPORATE MANAGEMENT SERVICES, INC.
Resident Agent: Alan R. Davis
1400 Spring St., Ste. 415
Silver Spring, MD 20910

Mr. Alan R. Davis
1400 Spring St., Ste. 415
Silver Spring, MD 20910