```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                           )
INDYMAC BANK, F.S.B.,      )
                           )
        Plaintiff,         )
                           )
        v.                 )    Civil Action No. 07-1678 (RWR)
                           )
LEMARCOS IRVING et al.,    )
                           )
        Defendants.        )
_____)
```

### MEMORANDUM ORDER

Plaintiff IndyMac Bank filed a complaint against William C. Harvey & Associates ("Harvey"), Timothy Geppert, Southshore Title & Escrow, Inc. ("Southshore"), and others. Geppert answered the complaint and Harvey moved to dismiss. Then, the plaintiff moved for leave to file an amended complaint.

Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleadings once as a matter of course . . . before being served with a responsive pleading . . . ." Fed. R. Civ. P. 15(a). Rule 15 "'guarantee[s] a plaintiff an absolute right' to amend the complaint once at any time so long as the defendant has not served a responsive pleading and the court has not decided a motion to dismiss." Scott-Blanton v. Universal City Studios Prods. LLLP et al., 244 F.R.D. 67, 69 (D.D.C. 2007) (quoting James V. Hurson Assocs., Inc. v. Glickman, 229 F.3d 277, 283 (D.C. Cir. 2000)). Furthermore, "a motion to dismiss is not a

-2-

responsive pleading for the purposes of Rule 15." James V. Hurson Assocs., Inc., 229 F.3d at 283.

If a case has more than one defendant and not every defendant has filed a responsive pleading, a "plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer." Scott-Blanton, 244 F.R.D. at 69. If a defendant has answered the complaint, a court has discretion to grant leave to amend the complaint. Nat'l City Mortgage Co. v. Navarro, 220 F.R.D. 102, 104 (D.D.C. 2004). Leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).

No defendant, except Geppert, filed a responsive pleading before the plaintiff sought to amend his complaint. Therefore, IndyMac was entitled to amend the complaint as of right against all defendants but Geppert. Since Geppert did not oppose amendment, IndyMac's motion for leave to file an amended complaint will be granted.

Harvey has moved to dismiss the original complaint. Since the complaint has now been amended, Harvey's motion to dismiss will be denied without prejudice. SouthShore has moved with the plaintiff's consent for an extension of time to file a responsive pleading within three days after the court's ruling on IndyMac's motion to amend the complaint. Since the parties consent,

-3-

Southshore's motion for an extension of time to file a response will be granted nunc pro tunc.  Accordingly, it is hereby

ORDERED that the plaintiff's motion for leave to amend the complaint [16] be, and hereby is, GRANTED.  The Clerk shall docket the attachment to the plaintiff's motion [16] as the amended complaint.  The amended complaint is deemed filed as of October 22, 2007.  All defendants shall have until February 4, 2008 to respond to the amended complaint.  It is further

ORDERED that Harvey's motions to dismiss [11, 17] be, and hereby are, DENIED without prejudice.  It is further

ORDERED that Southshore's consent motion for an extension of time [26] be, and hereby is, GRANTED nunc pro tunc.

SIGNED this 25th day of January, 2008.

                                                    /s/
                                      RICHARD W. ROBERTS
                                      United States District Judge