IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

INDYMAC Bank, F.S.B., )
 )
       Plaintiff, )
 )
v. )   Case No.:   1:07CV01678 (RWR)
 )
LEMARCOS A. IRVING, et al., )
 )
       Defendant. )
 )

## ANSWER OF DEFENDANT SOUTHSHORE TITLE & ESCROW, INC. TO FIRST AMENDED COMPLAINT

Defendant, Southshore Title & Escrow, Inc. ("Southshore Title"), by and through its undersigned counsel, answers the First Amended Complaint by Plaintiff Indymac Bank as follows:

### Parties

1.    Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1, and on that basis these allegations are denied.

2.    Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2, and on that basis these allegations are denied.

3.    Admitted that Southshore Title is a corporate entity incorporated in and with its principal place of business in the Commonwealth of Virginia and admitted it is engaged in the business of conducting real estate settlements and issuing title insurance.

4. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 4, and on that basis these allegations are denied.

5. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 5, and on that basis these allegations are denied.

6. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 6, and on that basis these allegations are denied.

6.1. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 6.1, and on that basis these allegations are denied.

7. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 7, and on that basis these allegations are denied.

8. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 8, and on that basis these allegations are denied.

9. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 9, and on that basis these allegations are denied.

10. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 10, and on that basis these allegations are denied.

10.1 Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 10.1, and on that basis these allegations are denied.

### Jurisdiction and Venue

11. Paragraph 11 asserts legal conclusions to which no response is required. To the extent a response is deemed required, Southshore Title denies the allegations contained in Paragraph 11.

12. Paragraph 12 asserts legal conclusions to which no response is required. To the extent a response is deemed required, Southshore Title denies the allegations contained in Paragraph 12.

### Facts Common to All Counts

13. Southshore Title admits that Exhibit A is a copy of the Deed with Instrument No. 2005031077 dated February 11, 2005. To the extent that Plaintiff seeks to characterize Exhibit A, the document speaks for itself.

14. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14, and on that basis these allegations are denied.

15. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 15, and on that basis these allegations are denied.

361343 v 2

16. Southshore Title admits that Exhibit B is a copy of the Regional Sales Contract dated September 12, 2006. To the extent that Plaintiff seeks to characterize Exhibit B, the document speaks for itself.

17. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 17, and on that basis these allegations are denied.

18. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 18, and on that basis these allegations are denied.

19. Southshore Title admits that Exhibit C is a copy of the Seller Contract and e-MITS User Agreement. To the extent that Plaintiff seeks to characterize Exhibit C, the document speaks for itself.

20. To the extent that Plaintiff seeks to characterize Exhibit C, the document speaks for itself.

21. To the extent that Plaintiff seeks to characterize Exhibit C, the document speaks for itself.

22. Southshore Title admits that Exhibit D is a copy of the Addendum Seller Contract For e-MITS Preferred Delegated Underwriting (Servicing Released). To the extent that Plaintiff seeks to characterize Exhibit D, the document speaks for itself.

23. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 23, and on that basis these allegations are denied.

24. Denied.

361343 v 2

25. Admitted that on or about September 15, 2006, IndyMac provided Southshore Title with a copy of Lender's Loan Instructions. To the extent that Plaintiffs seek to characterize Lender's Loan Instructions, the document speaks for itself.

26. Admitted that on or about September 22, 2006, Southshore Title conducted a settlement of the sale of the Subject Property from CMS to the Irvings. Southshore Title denies the remaining allegations contained in Paragraph 26.

27. Admitted that the Irvings' initial earnest money deposit of $10,000.00 was credited towards the purchase price for the purchase of the property. In response to the remaining allegations, Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 27, and on that basis these allegations are denied.

28. Admitted that Southshore Title received a wire of $220,347.00 from Geppert's account on September 22, 2006. Admitted that the Disbursement Statement describes the $220,347.00 to have come from the Irvings. Southshore Title denies the remaining allegations contained in Paragraph 28.

29. Southshore admits that Exhibit F is a copy of the Deed dated September 22, 2006. To the extent that Plaintiff seeks to characterize Exhibit F, the document speaks for itself.

30. Southshore admits that Exhibit G is a copy of the Deed of Trust dated September 22, 2006. To the extent that Plaintiff seeks to characterize Exhibit G, the document speaks for itself.

31. Admitted that Southshore paid to Timothy F. Geppert a total of $716,038.62. Southshore Title denies the remaining allegations set forth in Paragraph 31.

32. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 32, and on that basis these allegations are denied.

33. Denied that Southshore Title engaged in a scheme to defraud. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis these allegations are denied.

34. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 34, and on that basis these allegations are denied.

35. Southshore Title denies that it failed to fulfill any responsibilities owed to any parties in conjunction with this transaction. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis these allegations are denied.

36. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 36, and on that basis these allegations are denied.

### Count 1 -- Negligence (Southshore Title)

37. Southshore Title repeats and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 36 above.

38. Paragraph 38 asserts legal conclusions to which no response is required. To the extent a response is required, Southshore Title denies the allegations contained within Paragraph 38.

361343 v 2

39.   Paragraph 39 asserts legal conclusions to which no response is required. To the extent a response is required, Southshore Title denies the allegations contained within Paragraph 39.

40.   Paragraph 40 asserts legal conclusions to which no response is required. To the extent a response is required, Southshore Title denies the allegations contained within Paragraph 40.

41.   Paragraph 41 constitutes a prayer for relief to which no response is required. To the extent a response is required, Southshore Title denies the allegations contained in Paragraph 41.

### Count 2 – Negligence (Harvey & Associates)

42.   Southshore Title repeats and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 41 above.

43.– 46.   Count 2 is not directed at Southshore Title. As a result, no answer is required. To the extent that an answer is required, Southshore Title is without sufficient information or knowledge to admit or deny the allegations in Paragraphs 43-46.

### Count 3 – Breach of Contract (Legacy)

47.   Southshore Title repeats and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 46 above.

48. -51.   Count 3 is not directed at Southshore Title. As a result, no answer is required. To the extent that an answer is required, Southshore Title is without sufficient information or knowledge to admit or deny the allegations in Paragraphs 48-51.

### Count 4 – Negligence (Legacy and Adebayo)

361343 v 2

52.    Southshore Title repeats and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 51 above.

53. – 57.    Count 4 is not directed at Southshore Title. As a result, no answer is required. To the extent that an answer is required, Southshore Title is without sufficient information or knowledge to admit or deny the allegations in Paragraphs 53-57.

### Count 5 – Specific Performance (Legacy)

58.    Southshore Title repeats and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 57 above.

59. – 60.    Count 5 is not directed at Southshore Title. As a result, no answer is required. To the extent that an answer is required, Southshore Title is without sufficient information or knowledge to admit or deny the allegations in Paragraphs 59-60.

### Count 6 – Fraud (All Defendants)

61.    Southshore Title repeats and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 60 above.

62.    Southshore Title denies that it engaged in a scheme as alleged in Paragraph 62. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis these allegations are denied.

63.    Southshore Title denies that it made any false representations or intended for any party to rely on such false representations as alleged in Paragraph 63. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis these allegations are denied.

361343 v 2

64. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 64, and on that basis these allegations are denied.

65. Admitted that Southshore Title received a wire of $220,347.00 from Geppert's account on September 22, 2006. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis these allegations are denied.

66. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 66, and on that basis these allegations are denied.

67. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 67, and on that basis these allegations are denied.

67.1 Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 67.1, and on that basis these allegations are denied.

67.2 Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 67.2, and on that basis these allegations are denied.

68. Southshore Title denies that it acted with intend to defraud or deceive any party. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis these allegations are denied.

69.     Southshore Title denies that it made any misrepresentations or omissions. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis these allegations are denied.

Prayer for Relief: The Wherefore Paragraph constitutes a prayer for relief to which no response is required. To the extent a response is required, Southshore Title denies the allegations contained in the Wherefore Paragraph.

### Count 7 – Civil Conspiracy (All Defendants)

70.     Southshore Title repeats and incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 69 above.

71.     Southshore Title denies that it engaged in any conduct as part of a scheme to defraud any party. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis these allegations are denied.

72.     Southshore Title denies that it agreed to commit any fraud. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis these allegations are denied.

73.     Southshore Title denies that it participated in a conspiracy as alleged in Paragraph 73. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis these allegations are denied.

74.     Southshore Title denies that it committed any unlawful acts in furtherance of a scheme to commit fraud. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis these allegations are denied.

361343 v 2

75.    Southshore Title denies that its committed any conduct with malice, willful or wanton disregard of the rights of any party. Southshore Title further denies that any party is entitled to punitive damages against it. Southshore Title is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis these allegations are denied.

Prayer for Relief: The Wherefore Paragraph constitutes a prayer for relief to which no response is required. To the extent a response is required, Southshore Title denies the allegations contained in the Wherefore Paragraph.

### General Denial

Southshore Title denies each and every allegation of the First Amended Complaint not specifically admitted above, and denies any liability whatsoever to Plaintiff.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred by contributory negligence.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Fourth Affirmative Defense

Plaintiff's claims are barred by assumption of the risk.

### Fifth Affirmative Defense

To the extent Plaintiff suffered any damages, which Southshore Title denies, such damages were caused by the acts or omissions of third parties for whom Defendant is not responsible.

### Sixth Affirmative Defense

Plaintiff's claims are barred by the doctrines of estoppel, waiver, laches, fraud and/or illegality.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by public policy.

### Eight Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by a failure to mitigate damages.

### Ninth Affirmative Defense

Southshore Title denies that it owed any duty to Plaintiff.

### JURY TRIAL DEMAND

Southshore Title demands a trial by jury on all issues for which it is available.

WHEREFORE, Defendant Southshore Title & Escrow, Inc. respectfully requests that this Court enter a Judgment:

1. Dismissing with prejudice all claims for relief against Southshore Title; and
2. Awarding such other and further relief as may be appropriate.

361343 v 2

Dated:  February 8, 2008                    Respectfully submitted,


                                            /s/ Sean M. Hanifin
                                            Sean M. Hanifin (D.C. Bar No. 358347)
                                            ROSS, DIXON & BELL
                                            2001 K Street, N.W.
                                            Washington, D.C.  20006-1040
                                            (202) 662-2000

                                            Attorney for Defendant
                                            Southshore Title & Escrow, Inc.

361343 v 2