**RECEIVED**
APR 0 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INDYMAC BANK, F.S.B.    ) | |
| )  | |
| PLAINTIFF       ) | |
| )  | CIVIL ACTION NO. 1:07-cv-01678 (RWR) |
| v.       ) | |
| )  | |
| )  | |
| )  | |
| )  | |
| )  | |
| NINA QUEEN IRVING, et al.  ) | |
| )  | |
| DEFENDANTS     ) | |
| _____)   | |

### DEFENDANT NINA Q. IRVING ANSWER TO FIRST AMENDED COMPLAINT

#### I.     Introduction

I was unaware a response was needed for the first amended complaint for typographical errors from the Plaintiff. I am financially unable to retain legal representation at this time and am responding on my own accord. I ask the mercy of the court to reconsider the motion of default and accept this response herewith for the first amended complaint.

I, Nina Q. Irving was approached by Albert Smith concerning an opportunity where he was to utilize my credit in order to purchase a property and this opportunity would be an investment to me. I was given the option to buy the house or to use my credit score to assist with the purchase for Albert Smith. We chose to use our credit given the fact Albert Smith told us this would the less risky option for us. Because he was my Assistant Pastor and someone I consider trustworthy I willingly obliged to help. We had reiterated several times to Albert Smith the importance of our credit compared to any return on investment. Albert Smith repeatedly assured us he would handle any remainder monies for the closing and also he would handle the interest payments should they materialize during the construction phase of the Subject property. He stated he would either buy the property himself or obtain a buyer for the Subject property.

We were provided assistance from Legacy Financial Corporation (Sam Adebayo) which in turn filled out the loan documents and inputted all the information of the documents. We were constantly reminded of the urgency to provide numerous type of information in order to close the loan. Sam Adebayo even desired to come to my husband's job in order to obtain the final loan documents. He also provided loan documents attachments via the email. Due to the urgency of the matter, my husband signed (with my verbal consent) the documents not carefully reviewing them for discrepancies and as a result we are in the situation that we are currently in. I was a victim, due to my lack of knowledge and was preyed on as a result. We never received any financial compensation whatsoever. We were the victims of a highly organized scam hidden behind professional con artists.

## II. Argument

**Count 6 – Fraud (All Defendants)**
**We** (Lemarcos Irving and Nina Queen Irving)

As stated in the above introduction we were victims. It was never our intent to harm IndyMac Bank. Our actions and decisions were under the guidance of our professional Broker, Albert Smith and Loan Officer, Sam Adebayo. We signed a document during settlement with Southshore Title in which we agreed to have the draws from IndyMac Bank to be handled by Albert Smith who would in turn distribute to the hired contractor, Michael D. Clarke. We have wired transactions to support this statement. Again, we have not received any compensation in this matter. Instead, we were stripped financially in efforts to salvage our credit and in an attempt to meet the financial demands of IndyMac bank we are now faced with.

We were forced to seek legal counsel after being informed of the seriousness of our position and the theft of the construction draws by Broker, Albert Smith and contractor, Michael D. Clarke who eluded us for several months during the construction period. We are still trying to recover the stolen funds and sell the Subject Property, which is our only alternative.

62.     Please note we did not engage in any scheme. We have never met the acquaintance of defendants Geppert, Fairfax Realty, Gary M.Gertier of Legacy Financial, Alan Davis, William C. Harvey & Associates, or Corporate Management.

63.     We did not knowingly engage in any false representation in the loan application, but did later find loan documents had been altered after we signed. Also, documents had been added to the loan package which we had not seen or signed.

64.

    a.     We did not misrepresent the value of the Subject Property on our loan application. We did not hire the appraiser. The appraiser was hired by Broker, Albert Smith or perhaps Legacy Financial. We found out later from House Buyer Network of the extremely false and over appraised value of the Subject Property.

    b.     Concerning the amount actually paid towards the purchase of the property. This transaction was handled by Broker Albert Smith. We were asked and only agreed to provide the amount of $10,000 as down payment. Albert Smith repeatedly assured us we would not have to provide any more funds at closing. Albert Smith arranged for $100,000 to be deposited in our Bank account and later advised us to write a check to Geppert for this amount. We were not asked by Southshore Title to provide any additional amount of money at settlement.

    c.     Our monthly income. We provided Legacy Financial with 'true' documents of our monthly income (pay stubs). This information was not misrepresented by us in any way.

    d.     Our intent was not to harm IndyMac bank. The loan documents were typewritten by Legacy Financial. Lemarcos Irving, with verbal consent of Nina Queen Irving, signed under duress considering the urgency to close on the Subject Property. We entered into contractual agreement with Broker Albert Smith to assist him with the

purchase of the Subject property as an investment for us. Our intent was made perfectly clear to Broker Albert Smith given the fact we had just recently purchase a new home (less than 1 year). Our intent was not to deceive IndyMac Bank in any way. However, after seeking legal counsel we now understood the implication and discovery of the **"pre-checked" typewritten** item on the loan application **"primary residence"**. Legacy Financial was fully aware of our newly purchased home where Albert Smith also acted as broker/salesperson.

e. Amount of down payment. We were only asked to provide $10,000 as down payment. We were assured by Albert Smith he would provide any and all remainder funds if needed including the interest payments while under construction for the Subject property. Instead, Broker, Albert Smith and Contractor, Michael D. Clarke stole constructions funds and eluded us for several months - leaving us to seek legal counsel and guidance in a dense and most deceitful predicament we have ever had to endure.

f. Our credit history. Our credit report is a legal document which we are not at liberty to omit or add any information. We did not submit a credit report to Legacy Financial.

**Count 7 - Civil Conspiracy (All defendants)**

We did not agree, explicitly or tacitly, to commit the fraud or conspiracy described. We entered in the transaction of the Subject Property under the guidance of our Broker, Albert Smith and Legacy Financial who preyed on our lack of knowledge and further under the instructions of Southshore Title during settlement/closing. If we were asked to put down any additional money at closing, we would have surely declined to do so. We provided ALL true statements to Legacy Financial. We were also harmed in this transaction/purchase and we are also victims.

_____
Nina Queen Irving
5755 Oak Forest Ct
Indian Head MD, 20640
301-922-8027