UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INDYMAC BANK, F.S.B.          :

    Plaintiff                :

v.                            :          Civil Action No.:1-07-CV-1678
                                                                 Judge Richard W. Roberts
LEMARCOS A. IRVING, et al     :

    Defendants

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ADEBAYO'S ANSWER TO SECOND AMENDED COMPLAINT

Defendant Samuel Adebayo ("Adebayo") by and through his undersigned attorneys, Michael T. Hamilton and Marks, O'Neill, O'Brien & Courtney, P.C., in answer to Plaintiff's Second Amended Complaint (hereinafter, the "Complaint"), states as follows:

## PARTIES

1.    Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and therefore denies the allegations.

2.    Upon information and belief, Paragraph 2 is admitted.

3.    Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint and therefore denies the allegations.

4.    Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint and therefore denies the allegations.

{MD008266.1}

5. Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint and therefore denies the allegations.

6. Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and therefore denies the allegations.

6.1 Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6.1 of the Complaint and therefore denies the allegations.

7. Paragraph 7 is admitted.

8. Upon information and belief, Paragraph 8 is admitted.

9. Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint and therefore denies the allegations.

10. Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and therefore denies the allegations.

10.1 Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10.1 of the Complaint and therefore denies the allegations.

## JURISDICTION AND VENUE

11. No response is required to the legal conclusion stated in Paragraph 11. To the extent a response is deemed necessary, Adebayo denies the allegations.

12. No response is required to the legal conclusion stated in Paragraph 12. To the extent a response is deemed necessary, Adebayo denies the allegations.

### FACTS COMMON TO ALL COUNTS

13. Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and therefore denies the allegations.

14. Upon information and belief, Legacy admits the mailing address of the Subject Property but lacks the knowledge sufficient to form a belief as to the property description and therefore denies that portion of Paragraph 14.

15. Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and therefore denies the allegations.

16. Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and therefore denies the allegations.

17. Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and therefore denies the allegations.

18. Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and therefore denies the allegations.

19. Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and therefore denies the allegations.

20. Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint and therefore denies the allegations.

21. Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint and therefore denies the allegations.

22. Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and therefore denies the allegations.

23. Upon information and belief, it is admitted that William C. Harvey & Associates, Inc. conducted an appraisal of the subject property. Adebayo lacks knowledge and information sufficient to form a belief as to the truth of the balance of the allegations set forth in Paragraph 23 and therefore denies them.

24. Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint and therefore denies the allegations.

25. Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint and therefore denies the allegations.

26. Upon information and belief, it is admitted that a settlement was conducted on September 22, 2006 for the sale of the Subject Property. Adebayo lacks knowledge and information sufficient to form a belief as to the truth of the balance of the allegations set forth in Paragraph 26 and therefore denies them.

27. Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint and therefore denies the allegations.

28. Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint and therefore denies the allegations.

29. Upon information and belief, Paragraph 29 is admitted.

30. Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint and therefore denies the allegations.

31. Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint and therefore denies the allegations.

32. Upon information and belief, Adebayo admits the averment that Harvey & Associates conducted an appraisal of the subject property, however, Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the remainder of Paragraph 32 of the Complaint and therefore denies the allegations.

33. Adebayo denies it participated in a scheme to defraud, entice or encourage. Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the balance of the allegations set forth in Paragraph 33 of the Complaint and therefore denies them.

34. Adebayo denies allegations as to his activities as set forth in Paragraph 34 of the Complaint and lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth against the other defendants in Paragraph 34 and therefore denies the allegations.

35. Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint and therefore denies the allegations.

36. Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint and therefore denies the allegations.

37. The allegations in paragraphs 37-51 of the Complaint do not apply to Adebayo.

### COUNT 4 - NEGLIGENCE (Legacy and Abedayo)

38. Adebayo incorporates by reference, as if fully set forth herein, all admissions, denials and further answers contained in the foregoing Paragraphs 1 through 37 of this Answer.

39. Adebayo denies the allegations set forth in Paragraph 52 of the Complaint.

40. Adebayo denies the allegations set forth in Paragraph 53 of the Complaint.

41. Adebayo denies the allegations set forth in Paragraph 54 of the Complaint.

42. Adebayo denies the allegations set forth in Paragraph 55 of the Complaint.

43. Adebayo denies the allegations set forth in Paragraph 56 of the Complaint.

44. Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint and therefore denies the allegations.

45. The allegations in paragraphs 58-60 of the Complaint do not apply to Adebayo.

### COUNT 6 - FRAUD (All Defendants)

46. Adebayo incorporates by reference, as if fully set forth herein, all admissions, denials and further answers contained in the foregoing Paragraphs 1 through 45 of this Answer.

47. Adebayo denies the allegations set forth in Paragraph 61 of the Complaint.

48. As it relates to himself, Adebayo denies the allegations set forth in Paragraph 62 of the Complaint. Adebayo is without sufficient knowledge and information to form a belief as to the truth of the allegations as to the remaining parties and therefore denies the allegations.

49. As it relates to himself, Adebayo denies the allegations set forth in Paragraph 63 of the Complaint. Adebayo is without sufficient knowledge and information to form a belief as to the truth of the allegations as to the remaining parties and therefore denies the allegations.

50. Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the Complaint and therefore denies the allegations.

51. Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 of the Complaint and therefore denies the allegations.

52. Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of the Complaint and therefore denies the allegations.

53. Adebayo denies the allegations set forth in Paragraph 67 of the Complaint.

54. Adebayo lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67.1 of the Complaint and therefore denies the allegations.

55. As it relates to himself, Adebayo denies the allegations set forth in Paragraph 67.2 of the Complaint. Adebayo is without sufficient knowledge and information to form a belief as to the truth of the allegations as to the remaining parties and therefore denies the allegations.

56. Adebayo denies the allegations set forth in Paragraph 68 of the Complaint.

57. As it relates to himself, Adebayo denies the allegations set forth in Paragraph 63 of the Complaint. Adebayo is without sufficient knowledge and information to form a belief as to the truth of the allegations as to the remaining parties and therefore denies the allegations.

## COUNT 7 - CIVIL CONSPIRACY

58. Adebayo incorporates by reference, as if fully set forth herein, all admissions, denials and further answers contained in the foregoing Paragraphs 1 through 57 of this Answer.

59. Adebayo denies the allegations set forth in Paragraph 70 of the Complaint.

60. Adebayo denies the allegations set forth in Paragraph 71 of the Complaint.

61. Adebayo denies the allegations set forth in Paragraph 72 of the Complaint.

62. Adebayo denies the allegations set forth in Paragraph 73 of the Complaint.

63. Adebayo denies the allegations set forth in Paragraph 74 of the Complaint.

64. Adebayo denies the allegations set forth in Paragraph 75 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief could be granted in favor of Plaintiff against Defendant Legacy.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Adebayoare barred by the doctrine of contributory negligence.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Adebayoare barred by the doctrine of assumption of risk.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Adebayoare barred by waiver and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Adebayoare barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Adebayo are asserted without substantial justification and with bad faith for which appropriate sanctions should be imposed.

## SEVENTH AFFIRMATIVE DEFENSE

Adebayo generally denies all allegations in the Complaint referable to himt.


WHEREFORE, Samuel Adebayo respectfully prays for relief and judgment against Plaintiff as follows:

    A.    that Plaintiff takes nothing by reason of Plaintiff's Complaint against Legacy;

    B.    that the action against Adebayo be dismissed with prejudice;

    C.    that Adebayo recover its fees, costs, and attorney fees incurred herein; and

    D.    such other relief as the Court deems proper.


Respectfully submitted,
Marks, O'Neill, O'Brien & Courtney, P.C

By: /s/ *Michael T. Hamilton*
Michael T. Hamilton
Bar Number:474233
600 Baltimore Avenue, #305
Towson, Maryland 21204
(410) 339-6880
mhamilton@mooclaw.com

{MD008266.1}

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 18th day of April 2008, a copy of the Foregoing Answer of Adebayo to Second Amended Complaint was filed electronically or sent by First Class U.S. Mail, postage pre-paid, to the following:

Michael N. Russo, Jr., Esquire
Michael S. Steadman, Jr., Esquire
Council, Baradel, Kosmerl & Nolan, P.A.
125 West Street, 4th Floor
P.O. Box 2289
Annapolis, Maryland 21404
Attorneys for Plaintiff

LeMarcos A. Irving
5755 Oak Forest Court
Indian Head, MD 20640

Nina Q. Irving
5755 Oak Forest Court
Indian Head, MD 20640

Sean Michael Hanifin, Esquire
Ross, Dixon & Bell, LLP
2001 K Street, NW
Washington, DC 20006-2688
Attorney for Southshore Title & Escrow, Inc.

Michael Kenneth, Esquire
Ross, Dixon & Bell, LLP
2001 K Street, NW
Washington, DC 20006-2688
Attorney for Southshore Title & Escrow, Inc.

Douglas Richard Taylor, Esquire
10400 Connecticut Avenue, Suite 513
Kensington, MD 20895
Attorney for Timothy F. Geppert

Albert Smith
4140 Ferry Landing Road
Dunkirk, MD 20754

{MD008266.1}

Corporate Management Services, Inc.
Resident Agent: Alan R. Davis
1400 Spring St. Ste. 415
Silver Spring, MD  20910

Jan E. Simonsen, Esquire
Carr Maloney, P.C.
1615 L. Street, N.W.
Suite 500
Washington, D.C. 20036
Attorney for William C. Harvey & Associates, Inc.

Larry E. Becker, Esquire
Carr Maloney, P.C.
5501 Backlick Road, Suite 200
Springfield, VA  22151
Attorney for William C. Harvey & Associates, Inc.

Matthew W. Carlson, Esquire
Thompson O'Donnell, LLP
1212 New York Avenue, N.W.
Suite 1000
Washington, D.C.  20005
Attorney for Fairfax Realty, Inc.

                                               */s/ Michael T. Hamilton*
                                               Michael T. Hamilton

{MD008266.1}