UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INDYMAC BANK, F.S.B.                :

    Plaintiff                              :

v.                                                  :        Civil Action No.:1-07-CV-1678
                                                                                                   Judge Richard W. Roberts

LEMARCOS A. IRVING, et al        :

    Defendants

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## LEGACY'S ANSWER TO SECOND AMENDED COMPLAINT

Defendant Legacy Financial Corporation ("Legacy") by and through its undersigned attorneys, Michael T. Hamilton and Marks, O'Neill, O'Brien & Courtney, P.C., in answer to Plaintiff's Second Amended Complaint (hereinafter, the "Complaint"), states as follows:

### PARTIES

1.    Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and therefore denies the allegations.

2.    Upon information and belief, Paragraph 2 is admitted.

3.    Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint and therefore denies the allegations.

4.    Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint and therefore denies the allegations.

5. Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint and therefore denies the allegations.

6. Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and therefore denies the allegations.

6.1 Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6.1 of the Complaint and therefore denies the allegations.

7. Upon information and belief, Paragraph 7 is admitted.

8. Legacy admits the averments set forth in Paragraph 8.

9. Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint and therefore denies the allegations.

10. Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and therefore denies the allegations.

10.1 Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10.1 of the Complaint and therefore denies the allegations.

**JURISDICTION AND VENUE**

11. No response is required to the legal conclusion stated in Paragraph 11. To the extent a response is deemed necessary, Legacy denies the allegations.

{MD009370.1}

12. No response is required to the legal conclusion stated in Paragraph 12. To the extent a response is deemed necessary, Legacy denies the allegations.

## FACTS COMMON TO ALL COUNTS

13. Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and therefore denies the allegations.

14. Upon information and belief, Legacy admits the mailing address of the Subject Property but lacks the knowledge sufficient to form a belief as to the property description and therefore denies that portion of Paragraph 14.

15. Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and therefore denies the allegations.

16. Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and therefore denies the allegations.

17. Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and therefore denies the allegations.

18. Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and therefore denies the allegations.

19. Legacy admits to the existence of a document entitled "Seller Contract and eMITS User Agreement" (hereinafter referred to as the "Seller Contract") but denies that

the Seller Contract referenced by Plaintiffs in Paragraph 19 of the Complaint is applicable to the allegations set forth in the Complaint.

20. Legacy admits the existence of the language specified by the Plaintiffs and attributed to the Seller Contract referenced in Paragraph 20 of the Complaint but denies that said Seller Contract is applicable to the allegations set forth in the Complaint.

21. Legacy denies the applicability of the Seller Contract referenced in Paragraph 21 to the allegations set forth in the Complaint.

22. Legacy denies the applicability of the Seller Contract and Addendum referenced in Paragraph 22 to the allegations set forth in the Complaint.

23. Upon information and belief, it is admitted that William C. Harvey & Associates, Inc. conducted an appraisal of the subject property. Legacy lacks knowledge and information sufficient to form a belief as to the truth of the balance of the allegations set forth in Paragraph 23 and therefore denies them.

24. Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint and therefore denies the allegations.

25. Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint and therefore denies the allegations.

26. Upon information and belief, it is admitted that a settlement was conducted on September 22, 2006 for the sale of the Subject Property. Legacy lacks knowledge and information sufficient to form a belief as to the truth of the balance of the allegations set forth in Paragraph 26 and therefore denies them.

27. Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint and therefore denies the allegations.

28. Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint and therefore denies the allegations.

29. Upon information and belief, Paragraph 29 is admitted.

30. Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint and therefore denies the allegations.

31. Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint and therefore denies the allegations.

32. Upon information and belief, Legacy admits the averment that Harvey & Associates conducted an appraisal of the subject property, however, Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the remainder of Paragraph 32 of the Complaint and therefore denies the allegations.

33. Legacy denies it participated in a scheme to defraud, entice or encourage. Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the balance of the allegations set forth in Paragraph 33 of the Complaint and therefore denies them.

34. Legacy denies allegations as to its activities as set forth in Paragraph 34 of the Complaint and lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth against the other defendants in Paragraph 34 and therefore denies the allegations.

35. Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint and therefore denies the allegations.

36. Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint and therefore denies the allegations.

37. The allegations in paragraphs 37-46 of the Complaint do not apply to Legacy.

## COUNT 3 - BREACH OF CONTRACT (Legacy)

38. Legacy incorporates by reference, as if fully set forth herein, all admissions, denials and further answers contained in the foregoing Paragraphs 1 through 37 of this Answer.

39. Legacy denies the allegations set forth in Paragraph 47 of the Complaint.

40. Legacy denies the allegations set forth in Paragraph 48 of the Complaint.

41. Whereas Plaintiff has not defined the term "Agreement," Legacy lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding an Agreement, otherwise, Legacy denies the allegations contained in Paragraph 49 of the Complaint.

42. Whereas Plaintiff has not defined the terms "loans" or "losses" as used in Paragraph 50 of the Complaint, Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations relating to those terms. Legacy further denies that it has breached any term of the Seller Contract, Addendum, and Lending Guide.

43. Legacy denies the allegations set forth in Paragraph 51 of the Complaint.

## COUNT 4 - NEGLIGENCE (Legacy and Abedayo)

44. Legacy incorporates by reference, as if fully set forth herein, all admissions, denials and further answers contained in the foregoing Paragraphs 1 through 43 of this Answer.

45. Legacy denies the allegations set forth in Paragraph 52 of the Complaint.

46. Legacy denies the allegations set forth in Paragraph 53 of the Complaint.

47. Legacy denies the allegations set forth in Paragraph 54 of the Complaint.

48. Legacy denies the allegations set forth in Paragraph 55 of the Complaint.

49. Legacy denies the allegations set forth in Paragraph 56 of the Complaint.

50. Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint and therefore denies the allegations.

## COUNT 5 - SPECIFIC PERFORMANCE (Legacy)

51. Legacy incorporates by reference, as if fully set forth herein, all admissions, denials and further answers contained in the foregoing Paragraphs 1 through 50 of this Answer.

52. Legacy denies the allegations set forth in Paragraph 58 of the Complaint.

53. Legacy denies the allegations set forth in Paragraph 59 of the Complaint.

54. Legacy denies the allegations set forth in Paragraph 60 of the Complaint.

### COUNT 6 - FRAUD (All Defendants)

55. Legacy incorporates by reference, as if fully set forth herein, all admissions, denials and further answers contained in the foregoing Paragraphs 1 through 54 of this Answer.

56. Legacy denies the allegations set forth in Paragraph 61 of the Complaint.

57. As it relates to itself, Legacy denies the allegations set forth in Paragraph 62 of the Complaint. Legacy is without sufficient knowledge and information to form a belief as to the truth of the allegations as to the remaining parties and therefore denies the allegations.

58. As it relates to itself, Legacy denies the allegations set forth in Paragraph 63 of the Complaint. Legacy is without sufficient knowledge and information to form a belief as to the truth of the allegations as to the remaining parties and therefore denies the allegations.

59. Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the Complaint and therefore denies the allegations.

60. Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 of the Complaint and therefore denies the allegations.

61. Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of the Complaint and therefore denies the allegations.

62. Legacy denies the allegations set forth in Paragraph 67 of the Complaint.

63. Legacy lacks the knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67.1 of the Complaint and therefore denies the allegations.

64. As it relates to itself, Legacy denies the allegations set forth in Paragraph 67.2 of the Complaint. Legacy is without sufficient knowledge and information to form a belief as to the truth of the allegations as to the remaining parties and therefore denies the allegations.

65. Legacy denies the allegations set forth in Paragraph 68 of the Complaint.

66. As it relates to itself, Legacy denies the allegations set forth in Paragraph 69 of the Complaint. Legacy is without sufficient knowledge and information to form a belief as to the truth of the allegations as to the remaining parties and therefore denies the allegations.

## COUNT 7 - CIVIL CONSPIRACY

67. Legacy incorporates by reference, as if fully set forth herein, all admissions, denials and further answers contained in the foregoing Paragraphs 1 through 66 of this Answer.

68. Legacy denies the allegations set forth in Paragraph 70 of the Complaint.

69. Legacy denies the allegations set forth in Paragraph 71 of the Complaint.

70. Legacy denies the allegations set forth in Paragraph 72 of the Complaint.

71. Legacy denies the allegations set forth in Paragraph 73 of the Complaint.

72. Legacy denies the allegations set forth in Paragraph 74 of the Complaint.

73. Legacy denies the allegations set forth in Paragraph 75 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief could be granted in favor of Plaintiff against Defendant Legacy.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Legacy are barred by the doctrine of contributory negligence.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Legacy are barred by the doctrine of assumption of risk.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Legacy are barred by waiver and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Legacy are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Legacy for Breach of Contract and Specific Performance are barred because the Seller Contract which was allegedly breached is not applicable to the type of transaction which is the subject of the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Legacy are asserted without substantial justification and with bad faith for which appropriate sanctions should be imposed.

{MD009370.1}

## **EIGHTH AFFIRMATIVE DEFENSE**

Legacy generally denies all allegations in the Complaint referable to it.

WHEREFORE, Legacy Financial Corporation respectfully prays for relief and judgment against Plaintiff as follows:

A.  that Plaintiff takes nothing by reason of Plaintiff's Complaint against Legacy;

B.  that the action against Legacy be dismissed with prejudice;

C.  that Legacy recover its fees, costs, and attorney fees incurred herein; and

D.  such other relief as the Court deems proper.

Respectfully submitted,
Marks, O'Neill, O'Brien & Courtney, P.C

By: /s/ Michael T. Hamilton
Michael T. Hamilton
Bar Number:474233
600 Baltimore Avenue, #305
Towson, Maryland  21204
(410) 339-6880
mhamilton@mooclaw.com

{MD009370.1}

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 18th day of April 2008, a copy of the Foregoing Answer of Legacy to Second Amended Complaint was filed electronically or sent by First Class U.S. Mail, postage pre-paid, to the following:

Michael N. Russo, Jr., Esquire
Michael S. Steadman, Jr., Esquire
Council, Baradel, Kosmerl & Nolan, P.A.
125 West Street, 4th Floor
P.O. Box 2289
Annapolis, Maryland 21404
Attorneys for Plaintiff

LeMarcos A. Irving
5755 Oak Forest Court
Indian Head, MD 20640

Nina Q. Irving
5755 Oak Forest Court
Indian Head, MD 20640

Sean Michael Hanifin, Esquire
Ross, Dixon & Bell, LLP
2001 K Street, NW
Washington, DC 20006-2688
Attorney for Southshore Title & Escrow, Inc.

Michael Kenneth, Esquire
Ross, Dixon & Bell, LLP
2001 K Street, NW
Washington, DC 20006-2688
Attorney for Southshore Title & Escrow, Inc.

Douglas Richard Taylor, Esquire
10400 Connecticut Avenue, Suite 513
Kensington, MD 20895
Attorney for Timothy F. Geppert

Albert Smith
4140 Ferry Landing Road
Dunkirk, MD 20754

{MD009370.1}

Corporate Management Services, Inc.
Resident Agent: Alan R. Davis
1400 Spring St. Ste. 415
Silver Spring, MD 20910

Jan E. Simonsen, Esquire
Carr Maloney, P.C.
1615 L. Street, N.W.
Suite 500
Washington, D.C. 20036
Attorney for William C. Harvey & Associates, Inc.

Larry E. Becker, Esquire
Carr Maloney, P.C.
5501 Backlick Road, Suite 200
Springfield, VA 22151
Attorney for William C. Harvey & Associates, Inc.

Matthew W. Carlson, Esquire
Thompson O'Donnell, LLP
1212 New York Avenue, N.W.
Suite 1000
Washington, D.C. 20005
Attorney for Fairfax Realty, Inc.


/s/ *Michael T. Hamilton*
Michael T. Hamilton