IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INDYMAC BANK, F.S.B. * | |
| Plaintiff * | |
| vs. * | Case No. : 1:07-cv-01678 |
| | Judge Richard W. Roberts |
| * | |
| LEMARCOS A. IRVING, *et. al.* | |
| * | |
| Defendants | |
| * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**ANSWER OF ESTATE OF TIMOTHY F. GEPPERT, DECEASED, DEFENDANT
TO SECOND AMENDED COMPLAINT OF PLAINTIFF**

The Estate of Timothy F. Geppert, deceased, (herein referred to as "Geppert"), by his attorney, Douglas R. Taylor, for Answer to Plaintiff's Amended Complaint filed herein respectfully states as follows:

1. Geppert is without knowledge of the allegations set forth in Paragraph 1 of the Second Amended Complaint and therefore denies same.

2. Geppert is without knowledge of the allegations set forth in Paragraph 2 of the Second Amended Complaint and therefore denies same.

3. Geppert is without knowledge of the allegations set forth in Paragraph 3 of the Second Amended Complaint and therefore denies same.

4. Timothy F. Geppert died on November 15, 2007. Given these circumstances, at this time, Geppert denies the allegations set forth in Paragraph 4. .

5. Geppert is without knowledge of the allegations set forth in Paragraph 5 of the Second Amended Complaint and therefore denies same.

6. Geppet is without knowledge of the allegations set forth in Paragraph 6 of the Second Amended Complaint and therefore denies same.

6.1  Geppert is without knowledge of the allegations set forth in Paragraph 6.1 of the Second Amended Complaint and therefore denies same.

7. Geppert is without knowledge of the allegations set forth in Paragraph 7 of the

1

Second Amended Complaint and therefore denies same.

8. Geppet is without knowledge of the allegations set forth in Paragraph 8 of the Second Amended Complaint and therefore denies same.

9. Geppert is without knowledge of the allegations set forth in Paragraph 9 of the Second Amended Complaint and therefore denies same.

10. Geppert is without knowledge of the allegations set forth in Paragraph 10 of the Second Amended Complaint and therefore denies same.

10.1 Geppert is without knowledge of the allegations set forth in Paragraph 10.1 of the Second Amended Complaint and therefore denies same.

11. Geppert admits that the alleged amount in controversy exceeds $75,000.00.

12. Geppert admits that, if this Court has jurisdiction over this matter, venue in this Court would be proper.

13. Geppert is without knowledge of the allegations set forth in Paragraph 13 of the Second Amended Complaint and therefore denies same.

14. Geppert is without knowledge of the allegations set forth in Paragraph 14 and therefore denies same.

15. Geppert is without knowledge of the allegations set forth in Paragraph 15 of the Second Amended Complaint and therefore denies same.

16. Geppert is without knowledge of the allegations set forth in Paragraph 16 of the Second Amended Complaint and therefore denies same.

17. Geppert is without knowledge of the allegations set forth in Paragraph 17 of the Second Amended Complaint and therefore denies same.

18. Geppert denies the allegations set forth in Paragraph 18 of the Second Amended Complaint.

19. Geppert is without knowledge of the allegations set forth in Paragraph 19 of the Second Amended Complaint and therefore denies same.

20. Geppert is without knowledge of the allegations set forth in Paragraph 20 of the Second Amended Complaint and therefore denies same.

21. Geppert is without knowledge of the allegations set forth in Paragraph 21 of the Second Amended Complaint and therefore denies same.

22. Geppert is without knowledge of the allegations set forth in Paragraph 22 of

the Second Amended Complaint and therefore denies same.

23. Geppert is without knowledge of the allegations set forth in Paragraph 23 of the Second Amended Complaint and therefore denies same.

24. Geppert is without knowledge of the allegations set forth in Paragraph 24 of the Second Amended Complaint and therefore denies same.

25. Geppert is without knowledge of the allegations set forth in Paragraph 25 of the Second Amended Complaint and therefore denies same.

26. Geppert is without knowledge of the allegations set forth in Paragraph 26 of the Second Amended Complaint and therefore denies same.

27. Geppert is without knowledge of the allegations set forth in Paragraph 27 of the Second Amended Complaint and therefore denies same.

28. Geppert denies the allegations set forth in Paragraph 28 of the Second Amended Complaint.

29. Geppert is without knowledge of the allegations set forth in Paragraph 29 of the Second Amended Complaint and therefore denies same.

30. Geppert is without knowledge of the allegations set forth in Paragraph 30 of the Second Amended Complaint and therefore denies same.

31. Geppert denies the allegations set forth in Paragraph 31 of the Second Amended Complaint.

32. Geppert is without knowledge of the allegations set forth in Paragraph 32 of the Second Amended Complaint and therefore denies same.

33. Geppert denies the allegations set forth in Paragraph 33 of the Second Amended Complaint.

34. Geppert denies the allegations set forth in Paragraph 34 of the Second Amended Complaint.

35. Geppert is without knowledge of the allegations set forth in Paragraph 35 of the Second Amended Complaint and therefore denies same.

36. Geppert is without knowledge of the allegations set forth in Paragraph 36 of the Second Amended Complaint and therefore denies same.

## **COUNT 6 – FRAUD**

61.  Geppert repeats, reiterates and re-alleges each and every denial, admission

and/or statement contained in responses to Paragraphs 1 though 36 of this Answer, with the same force and effect as if fully set forth herein.  Geppert denies the allegations set forth in Paragraph 61 of the Second Amended Complaint.

62. Geppert denies the allegations set forth in Paragraph 62 of the Second Amended Complaint.

63. Geppert denies the allegations set forth in Paragraph 63 of the Second Amended Complaint.

64. Geppert is without knowledge of the allegations set forth in Paragraph 64 of the Second Amended Complaint and therefore denies same.

65. Geppert denies the allegations set forth in Paragraph 65 of the Second Amended Complaint.

66. Geppert is without knowledge of the allegations set forth in Paragraph 66 of the Second Amended Complaint, and therefore denies same.

67. Geppert is without knowledge of the allegations set forth in Paragraph 67 of the Second Amended Complaint and therefore denies same.

Geppert is without knowledge of the allegations set forth in Paragraph 67.1 of the Second Amended Complaint and therefore denies same.

Geppert is without knowledge of the allegations set forth in Paragraph 67.2 of the Second Amended Complaint and therefore denies same.

68. Geppert denies the allegations of Paragraph 68 of the Second Amended Complaint.

69. Geppert denies the allegations of Paragraph 69 of the Second Amended Complaint.

### **COUNT 7 – CIVIL CONSPIRACY**

70. Geppert repeats, reiterates and re-alleges each and every denial, admission and/or statement contained in Paragraphs 1 though 36 of this Answer with the same force and effect as if fully set forth herein.  Geppert denies the allegations set forth in Paragraph 70 of the Second Amended Complaint.

71. Geppert denies the allegations set forth in Paragraph 71 of the Second Amended Complaint.

72. Geppert denies the allegations set forth in Paragraph 72 of the Second

Amended Complaint.

73. Geppert denies the allegations set forth in Paragraph 73 of the Amended Second Complaint.

74. Geppert denies the allegations set forth in Paragraph 74 of the Second Amended Complaint.

75. Geppert denies the allegations set forth in Paragraph 75 of the Second Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Geppert's involvement and actions in the matter which is the subject of this Second Amended Complaint were tangential, and involved no breach of duty or obligation owed to Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were caused and brought about my pre-existing, intervening and/or superseding causes, and thus, were not caused by Geppert.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were caused and brought about by her own direct and proximate negligence and/or culpable conduct, and thus, Geppert is not liable to Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

The allegations are barred by the applicable statute of limitations.

WHEREFORE, having fully answered the allegations in the Second Amended Complaint against him, Geppert moves that Second Amended Complaint against him be dismissed, and that he be awarded his costs.

Respectfully submitted,

/s/_____
Douglas R. Taylor
Bar No. 074054
10400 Connecticut Avenue, Ste. #513
Kensington, Maryland 20895
(301) 949-2230
Drtaylor309@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of May, 2008, a copy of the foregoing Answer of The Estate of Timothy F. Geppert, deceased, was filed electronically and sent by First Class U.S. Mail, postage prepaid, to the following:

Michael N. Russo, Jr., Esquire
russo@cbknlaw.com
Council, Baradel, Kosmerl & Nolan, P.A.
125 West Street, 4th Floor
P. O. Box 2289
Annapolis, Maryland  21404
Attorney for Plaintiff

Jan E. Simonson, Esq.
jes@carrmaloney.com
Carr Maloney PC
1615 L Street, N.W., Ste. 500
Washington, D. C. 20036

Larry E. Becker, Esq.
Becker, Kellogg & Berry, P.C.
5501 Backlick Road, Ste. 200
Springfield, Virginia  22151

Sean M. Hanifin, Esq.
shanifin@rdblaw.com.
Ross, Dixon & Bell
2001 K Street, N.W.
Washington, D. C. 20006

Matthew W. Carlson, Esq.
mwc@tomnh.com

Thompson & O'Donnell, LLP
1212 New York Avenue, N.W., Ste. 1000
Washington, D. C.  20005

Michael Thomas Hamilton, Esq.
mhamilton@mooclaw.com
Michelle Marzullo, Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
600 Baltimore Avenue, Ste. 305
Towson, Maryland  21204

Mr. Lemarcos A. Irving
Ms. Nina Q. Irving
5755 Oak Forest Court
Indian Head, Maryland  20640

Mr. Albert Smith
4140 Ferry Landing Road
Dunkirk, Maryland  20754

Corporate Management Services
Resident Agent:  Alan R. Davis
1400 Spring Street, Ste. 415
Silver Spring, Maryland  20910

Mr. Alan R. Davis
1400 Spring Street, Ste. 415
Silver Spring, Maryland  20910

/s/_____
Douglas R. Taylor