**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| INDYMAC BANK, F.S.B. | * | |
|    Plaintiff | * | |
|    v. | * | Case No.: 1-07-cv 01678 (RWR) |
| LEMARCOS A. IRVING, et al. | * | |
|    Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION TO SUBSTITUTE FDIC AS PLAINTIFF**

The Federal Deposit Insurance Corporation ("FDIC"), as the duly appointed Receivor ("FDIC-R") for Plaintiff, IndyMac Bank, F.S.B. ("IndyMac") hereby moves, pursuant to Fed. R. Civ. Proc. 24(A) and 25(C) to intervene in the case and substitute itself for Plaintiff IndyMac as the real part in interest, and in support hereof says:

1. On July 11, 2008, IndyMac was closed by the Office of Thrift Supervision and the FDIC was appointed as a receiver.

2. Upon its appointment as receiver, FDIC-R maintained control of all assets of IndyMac.

3. FDIC-R is entitled to intervene in this case as it is presently the "real party in interest" in the place of the Plaintiff.

4. FDIC-R adopts and incorporates herein its Memorandum offered in support of this Motion.

5.      Pursuant to L.Civ.R. 7(m), the undersigned counsel conferred with opposing counsel seeking consent as to the relief requested in this non-dispositive motion. Counsel for Defendant Southshore Title and Escrow, Inc., and counsel for Defendants Legacy Financial Corporation and Samuel Adebayo have consented to the relief. Counsel for Defendant Timothy F. Geppert, individually and trading as Geppert Real Estate, Defendant Fairfax Realty, Inc., Defendant William C. Harvey & Associates, Inc., and Defendants LeMarcos and Nina Irving have not responded to the undersigned counsel's request for consent in this non-dispositive motion.

WHEREFORE, for the reasons set forth above and as set forth in the referenced Memorandum, FDIC-R respectfully requests this Court enter an Order permitting it to intervene as Plaintiff and to substitute itself for Plaintiff IndyMac Bank, F.S.B.; and provide such further relief as the Court may deem appropriate.

COUNCIL, BARADEL,
KOSMERL & NOLAN, P.A.


*/s/ Michael N. Russo, Jr.*
Michael N. Russo, Jr., Esquire
125 West Street, Fourth Floor
Post Office Box 2289
Annapolis, MD 21404-2289
Phone: (410) 268-6600
Fax: (410) 269-8409 (fax)
russo@cbknlaw.com

*Attorney for Plaintiff IndyMac Bank, F.S.B.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Motion to Substitute FDIC as Plaintiff was sent via first class mail, postage prepaid this 8th day of August, 2008, to:

Sean Michael Hanifin, Esquire
Michael Kenneth, Esquire
ROSS, DIXON & BELL, LLP
2001 K Street, NW
Washington, DC 20006-2688
Phone: (202) 662-2026
Fax: (202) 662-2190
shanifin@rdblaw.com
*Attorney for Defendant Southshore Title & Escrow, Inc.*

Douglas Richard Taylor, Esquire
P.O. Box 4566
Rockville, MD 20850
Phone: (301) 565-0209
Fax: (410) 466-9442
drtaylor309@aol.com
*Attorney for Defendant Timothy F. Geppert, Individually and trading as Geppert Real Estate, an unincorporated entity trading as Geppert Real Estate.*

Matthew Wesley Carlson, Esquire
THOMPSON O'DONNELL, LLP
1212 New York Avenue, NW
Suite 1000
Washington, DC 20005-3987
Phone: (202) 289-1133
Fax: (202) 289-0275
mwc@tomnh.com
*Attorney for Defendant Fairfax Realty, Inc.*

Michael Thomas Hamilton, Esquire
Michelle J. Marzullo, Esquire
MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.
600 Baltimore Avenue – Suite 305
Towson, MD 21204
Phone: (410-339-6880)
mhamilton@mooclaw.com
*Attorneys for Defendants Legacy Financial Corporation and Samuel Adebayo*

Jan E. Simonson, Esquire
CARR MALONEY, P.C.
1615 L Street, NW
Suite 500
Washington, DC 20036
Phone: (202) 310-5522
Fax: (202) 310-5555
jes@carrmaloney.com
*Attorney for Defendant William C. Harvey & Associates, Inc.*

Mr. and Mrs. Lemarcos Irving
5755 Oak Forest Court
Indian Head, Maryland 20640
*Defendants, Pro Se*

                                                       */s/ Michael N. Russo, Jr.*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| INDYMAC BANK, F.S.B. | * | |
|     Plaintiff | * | |
|     v. | * | Case No.: 1-07-cv 01678 (RWR) |
| LEMARCOS A. IRVING, et al. | * | |
|     Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**FDIC-RECEIVER'S MEMORANDUM IN SUPPORT OF ITS MOTION TO INTERVENE AND SUBSTITUTE**

The Federal Deposition Insurance Corporation ("FDIC"), as the duly appointed Receiver ("FDIC-R") for Plaintiff IndyMac Bank, F.S.B. ("IndyMac"), by Council, Baradel, Kosmerl & Nolan, P.A., Michael N. Russo, Jr. and Michael S. Steadman, Jr., its attorneys, seeks to intervene in this case, to substitute itself for IndyMac as the real party in interest, and to stay these proceedings.

**BACKGROUND**

IndyMac brought this suit out of a loan it made to the Irvings. IndyMac alleged that the Irvings obtained mortgage funding by use of a fraudulent scheme. Other Defendants are alleged to be participants of that scheme.

On July 11, 2008, IndyMac was closed by the Office of Thrift Supervision ("OTS") and the Federal Deposit Insurance Corporation was appointed as receiver.

## ARGUMENT

### A.  FDIC-R Can Intervene Under Rule 24(a)

FDIC-R seeks to intervene in this case under Federal Rule of Civil Procedure 24(a), which provides that anyone submitting a timely application:

> (a) Intervention of Right.  On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

F.R.Civ. P. 24(a).

The Sixth Circuit Court of Appeals has parsed the language of Rule 24(a) to explain that a proposed intervenor must show that: (1) its motion to intervene is timely; (2) it has a substantial legal interest in the subject matter of the case; (3) its ability to protect its interests may be impaired in the absence of intervention; and (4) the current parties cannot adequately protect its interests. *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999). FDIC-R meets these requirements and is entitled to intervene in this case as of right. First, FDIC-R has timely sought to intervene—as Receiver of IndyMac —since it has only been acting as Receiver of IndyMac since July 11, 2008, or for 16 business days. Beyond its preliminary investigation and drafting its complaints, Plaintiff has incurred little litigation expense and will suffer no prejudice if FDIC-R is permitted to intervene.

Second, FDIC-R has a substantial legal interest in the subject matter of this case because, as Receiver of IndyMac and by express operation of law, FDIC-R assumes all rights,

titles, powers, privileges, and operations of IndyMac. *See* 12 U.S.C. § 1821(d)(2). As Receiver and upon assumption of all of IndyMac's operations, FDIC-R essentially stands in IndyMac's shoes and operates as its successor. *Id.* § 1821(d)(2)(B). IndyMac's claims against Defendants are now claims by FDIC-R for all intents and purposes and, as discussed below, FDIC-R should be substituted for IndyMac as the real party in interest.

Third, FDIC-R's ability to protect its interest as Receiver of IndyMac will be impaired unless it is permitted to intervene in this case. That is, FDIC-R seeks to intervene in this case so that it can substitute itself for IndyMac and prosecute this claim. FDIC-R, however, cannot move this Court for that relief without first being granted the right to intervene. Thus, FDIC-R's intervention in this case is necessary to protect its interests in substituting itself for IndyMac and staying this case.

Fourth, the current parties cannot adequately protect FDIC-R's interests. Only FDIC-R, as Receiver of IndyMac, can substitute itself for IndyMac. *Id.* § 1821 (d)(12). Even if the current parties could assert these rights, there is no indication that they would do so.

IndyMac is insolvent and ceased operations on July 11, 2008. (Ex. B, July 11,2008 FDIC Press Release). As such, none of the current parties can adequately protect FDIC-R's interests. FDIC-R intervention is ordinarily granted where it has been appointed receiver of a failed financial institution. *See, e.g., Gaff v. FDIC*, 828 F.2d 1145, 1147 (6th Cir. 1987) (observing without discussion that the U.S. District Court for the Western District of Michigan (Miles, J.) granted FDIC's intervention request as the receiver of a failed bank). When reminded that requests to intervene under Federal Rule of Civil Procedure 24 should be "broadly construed in favor of potential intervenors," *Purnell v. City of Akron*, 925 F.2d 941,

950 (6th Cir. 1991), and given that the requirements of that Rule are easily satisfied in this case, FDIC-R's request to intervene becomes all the more reasonable and appropriate. Therefore, this Court should grant FDIC-R's request to intervene as of right under Rule 24(a).

*B. FDIC-R Can Substitute Itself For IndyMac Under Rule 25(c)*

Under Federal Rule of Civil Procedure 25(c), when there has been a transfer of an interest from a party to the litigation to a nonparty:

> [T]he action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.

F.R.Civ. P. 25(c).

In this case, IndyMac has failed, no longer operates as a bank, and FDIC-R has assumed complete control of it as its Receiver. (Ex. B, July 11, 2008, FDIC Press Release). Once FDIC-Receiver became Receiver for IndyMac, all of its interests were transferred to FDIC-R. 12 U.S.C. § 1821(d)(2). As such, FDIC-R now operates as IndyMac's successor in interest. *Id.* § 1821(d)(2)(A). Accordingly, Plaintiff's breach of contract claim against IndyMac is really against FDIC-R as the real party in interest. Therefore, this Court should substitute FDIC-R for IndyMac and re-caption this case to reflect the same.

## CONCLUSION

Because FDIC-R (1) has timely sought to intervene in this case, (2) where it has a substantial legal interest in the subject matter and (3) it cannot protect its interests without intervention—(4) since the current parties cannot assert the relief sought—this Court should grant FDIC-R's request to intervene under Federal Rule of Civil Procedure 24(a). Further, since

FDIC-R is the real party in interest in this case it should be allowed to substitute itself for IndyMac under Rule 25(c). Accordingly, FDIC-R respectfully requests that this Court grant its Motion and enter an order that:

WHEREFORE, FDIC-R is entitled to intervene as of right in this case; and FDIC-R is entitled to substitute itself for IndyMac as the real party in interest and re-caption this case to reflect the same.

Respectfully submitted,

COUNCIL, BARADEL,
KOSMERL & NOLAN, P.A.

*/s/ Michael N. Russo, Jr*
Michael N. Russo, Jr., Esquire
Michael S. Steadman, Jr., Esquire
125 West Street, Fourth Floor
Post Office Box 2289
Annapolis, MD 21404-2289
Phone: (410) 268-6600
Fax: (410) 269-8409 (fax)
russo@cbknlaw.com

*Attorney for Movant  FDIC-R*

INDEX OF EXHIBITS

Exhibit A:  Federal Deposit Insurance Corporation-Receiver Appointment Papers
Exhibit B:  July 11, 2008 Federal Deposit Insurance Corporation Press Release

**CERTFICATE OF SERVICE**

I hereby certify that on the ____ day of _____ 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Sean Michael Hanifin, Esquire
Michael Kenneth, Esquire
ROSS, DIXON & BELL, LLP
2001 K Street, NW
Washington, DC 20006-2688
Phone: (202) 662-2026
Fax: (202) 662-2190
shanifin@rdblaw.com
*Attorney for Defendant Southshore Title & Escrow, Inc.*


Douglas Richard Taylor, Esquire
P.O. Box 4566
Rockville, MD 20850
Phone: (301) 565-0209
Fax: (410) 466-9442
drtaylor309@aol.com
*Attorney for Defendant Timothy F. Geppert, Individually and trading as Geppert Real Estate, an unincorporated entity trading as Geppert Real Estate.*

Matthew Wesley Carlson, Esquire
THOMPSON O'DONNELL, LLP
1212 New York Avenue, NW
Suite 1000
Washington, DC 20005-3987
Phone: (202) 289-1133
Fax: (202) 289-0275
mwc@tomnh.com
*Attorney for Defendant Fairfax Realty, Inc.*

Michael Thomas Hamilton, Esquire
Michelle J. Marzullo, Esquire
MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.
600 Baltimore Avenue – Suite 305
Towson, MD  21204
Phone: (410-339-6880)
mhamilton@mooclaw.com
*Attorneys for Defendants Legacy Financial Corporation and Samuel Adebayo*

Jan E. Simonson, Esquire
CARR MALONEY, P.C.
1615 L Street, NW
Suite 500

Washington, DC 20036
Phone: (202) 310-5522
Fax: (202) 310-5555
jes@carrmaloney.com
*Attorney for Defendant William C. Harvey & Associates, Inc.*

Mr. and Mrs. Lemarcos Irving
5755 Oak Forest Court
Indian Head, Maryland 20640
*Defendants, Pro Se*

                */s/ Michael N. Russo, Jr.*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| INDYMAC BANK, F.S.B. | * | |
| Plaintiff | * | |
| v. | * | Case No.: 1-07-cv 01678 (RWR) |
| LEMARCOS A. IRVING, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER PERMITTING FDIC-R'S INTERVENTION
AND SUBSTITUTION AS PLAINTIFF**

The Motion of the Federal Deposit Insurance Corporation to intervene in the above-entitled action and to substitute its appearance for that of the Plaintiff having been read and considered, this Court having determined that the relief is appropriate, it is this _____ day of _____, 2008, by the United States District Court for the District of Columbia,

ORDERED, that the Motion be, and the same hereby is, GRANTED; and it is further

ORDERED, that the Federal Deposit Insurance Corporation as receiver for IndyMac Bank, F.S.B. shall be substituted as the party Plaintiff in the place and stead of former Plaintiff IndyMac Bank, F.S.B.; and it is further

ORDERED, that henceforth this case shall be captioned as *Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B., Plaintiff, v. LeMarcos A. Irving, et al., Defendant.*

_____
United States District Judge

Copies to:

Michael N. Russo, Jr., Esquire
COUNCIL, BARADEL, KOSMERL & NOLAN, P.A.
125 West Street, Fourth Floor
P.O. Box 2289
Annapolis, Maryland 21401
russo@cbknlaw.com
*Attorney for Plaintiff IndyMac Bank, F.S.B.*

Sean Michael Hanifin, Esquire
Michael Kenneth, Esquire
ROSS, DIXON & BELL, LLP
2001 K Street, NW
Washington, DC 20006-2688
shanifin@rdblaw.com
*Attorney for Defendant Southshore Title & Escrow, Inc.*

Douglas Richard Taylor, Esquire
P.O. Box 4566
Rockville, MD 20850
drtaylor309@aol.com
*Attorney for Defendant Timothy F. Geppert, Individually and trading as Geppert Real Estate, an unincorporated entity trading as Geppert Real Estate.*

Matthew Wesley Carlson, Esquire
THOMPSON O'DONNELL, LLP
1212 New York Avenue, NW
Suite 1000
Washington, DC 20005-3987
mwc@tomnh.com
*Attorney for Defendant Fairfax Realty, Inc.*

Michael Thomas Hamilton, Esquire
Michelle J. Marzullo, Esquire
MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.
600 Baltimore Avenue – Suite 305
Towson, MD  21204
mhamilton@mooclaw.com
*Attorneys for Defendants Legacy Financial Corporation and Samuel Adebayo*

Jan E. Simonson, Esquire
CARR MALONEY, P.C.
1615 L Street, NW
Suite 500
Washington, DC 20036

jes@carrmaloney.com
*Attorney for Defendant William C. Harvey & Associates, Inc.*

Mr. and Mrs. Lemarcos Irving
5755 Oak Forest Court
Indian Head, Maryland 20640
*Defendants, Pro Se*